## ARNOLD v. SHEPPARD.

1. The statute empowering courts of equity to proceed against absent defendants, invests those courts with jurisdiction over bills for discovery, in aid of the prosecution, or defence of a suit pending in any of the courts of law of this State, or with respect to property within it.

2. It is not necessary in suits against absent defendants to prove the allegations of the bill, when it is taken *pro confesso.* The enactment which requires proof, only applies to suits against resident defendants.

3. When the ground for equitable relief against an absent defendant is, that the note prosecuted by him in the court of law has been paid, and the fact of payment is solely within his knowledge, the court may decree relief upon the allegations of the bill, after a decree *pro confesso.*

WRIT of error to the Court of Chancery of the 3d District of the Southern Division.

The bill is by Arnold against Sheppard, who is shown to be a resident of Texas. The service was perfected by publication in a newspaper, and by notice upon the courthouse door, in the manner required by statute.

The bill asserts, that Sheppard has commenced a suit against Arnold in the circuit court of Lowndes county, upon a note which was previously fully paid and satisfied.

The payment is alleged to have been made to the defendant at a time and place stated in the bill, and received by him under a promise that the note should be destroyed.

The prayer is for a perpetual injunction of the suit at law, and that the note may be delivered up to be cancelled, as well as for general relief.

No appearance was entered for the defendant, and on proof of publication, a decree *pro confesso* was allowed by the register at rules. Evidence on the part of the complainant was taken in the cause, but nothing is established by it.

The complainant moved the chancellor to continue the cause, and hold up the injunction until the defendant should file an answer; but the chancellor had doubts of the correctness of that course, and finally dismissed the bill with costs; considering it as one for discovery in aid of the defence at law, and not for relief.

The dismissing of the bill is now assigned as error.

J. P. SAFFOLD, for the plaintiff in error, insisted—

1. That he was entitled to a decree for a perpetual injunction upon the default of the defendant to answer. [Miller v. McCan, 7 Paige, 451; Eden 253; Harrison Prac. 551; Nicholas v. Jones, 3 A. K. Marshall, 387; Williams v. Corwin, Hopk. 477; Douglass v. Evans, 1 Tenn. 83; Pegg v. Davis, 2 Blackf. 281; Baltzell v. Hall, 1 Litt. 98; Robinson v. Townsend, 3 Gill. & J. 413; Peto v. Attor. Gen. 1 Young & J. 509; Landon v. Ready, 1 Sim. & Stu. 44; Turpin v. Jefferson, 4 H. & M. 483; Dunlap v. McIlvay, 3 Litt. 269; 2 Bibb, 445; 3 Bibb, 303.]

2. The injunction should, at all events, have been continued until an answer was put in, as the complainant is entitled to a discovery, however he may be as to the relief. [Story's Eq. 419.]

3. But if the injunction cannot be continued, then the complainant is entitled to a decree authorizing him to read the *pro confesso* on the trial at law. [Sprigg v. Jarrett, 1 A. K. Marshall, 336; 2 Story Eq. 691.]

4. The defendant cannot, on error, complain of the want of jurisdiction not urged in the court below, or to the regularity of proceedings there. [Farley v. Farley, 1 McCord Ch. 513; McDonald v. Crocket, 2 ib. 135; Bayle v. Fitzhugh, 2 Wash. 213; Barnes v. Lee, 1 Bibb, 527; 2 Sumner, 546.]

EDWARDS, *contra*, insisted, that it was a mistake to consider this as a bill for discovery merely. It stands on the same footing as any other bill for relief, and must be proved upon a decree *pro confesso*. [Clay's Digest 351, § 39—354, § 58.] The bill, not being framed as one for discovery, it was proper to dismiss it, as the relief could not be granted even if the facts were proved.

GOLDTHWAITE, J.—1. We are satisfied, that the decree of the chancellor dismissing this bill, ought not to be sustained. The act of 1805, entitled an act empowering courts of equity to proceed against absent defendants, [Clay's Digest. 352, § 44 to 49,] was intended to invest those courts with full jurisdiction of such defendants, and is as effectual in cases where the object of

Arnold v. Sheppard.

the bill is discovery merely, to aid in the prosecution or defence of a suit pending in any of the courts of law of the State, as it would be in cases where relief was sought by a citizen of the State, or with respect to property within it. We state the purpose of the act in this limited manner, because a doubt may exist whether a non-resident complainant, seeking relief with respect to property not within the jurisdiction, would be entitled to claim the benefit of the provisions of this act.

2. The 1st section of this act expressly provides that, if the defendant does not appear after publication is made, in the manner provided for, that the plaintiff's bill may be taken *pro confesso*, and a decree made thereon. The 6th section of the act of 1823, entitled an act to regulate proceedings in chancery suits, it is true, provides generally, that before a decree is pronounced on a bill taken *pro confesso*, the court shall be satisfied, by sufficient evidence, of the justice of the complainant's claim or demand; but we do not think this was intended to affect the particular act then in force with respect to absent defendants, because it is evident that, in such cases, the benefit of a discovery would, in most cases, be evaded, if such a construction was given. The object of the latter act seems merely to have been to provide a new rule midway between the ancient chancery practice, which gave no benefit whatever to a complainant, from the neglect of the defendant to answer, until the latter had stood out all proceedings for the contempt in wilfully refusing to answer; and the modern, which authorized a final decree, immediately upon taking the bill *pro confesso*. Under it, the court requires proof, though a less degree will warrant a decree. [Levert v. Redwood, 9 Porter, 79; Wilkins v. Wilkins, 4 Porter, 245.]

We apprehend it was not intended to take away the power of a court of equity to render a decree where the defendant wilfully stands out all the means which the law gives to compel an answer. But in cases against absent defendants, there are no means by which an answer can be compelled. The process of attachment in all cases, and that of sequestration in most, would alike be ineffectual. It was in view of this, as it seems highly probable, that the first statute provided that a decree should be made upon the bill after taking it *pro confesso*. And this idea is greatly strengthened by the cautious manner in which the rights

of absent defendants are regarded by the act. The subsequent act of 1841, [Clay's Digest, 354, § 58,] modifies the act of 1823, and allows a decree to be made without proof whenever there is a personal service on the defendant, but excepts infants, *femes covert*, idiots and lunatics from its operation; but as it has no reference to the special act relating to absent defendants, has no effect on its construction.

3. Having ascertained that the powers of a court of equity, under the act of 1805, are sufficient to give relief to a complainant against an absent defendant, it remains to consider whether a proper case is made by the bill; and if so, what ought to be the decree.

The English court of chancery seems always to have held that it had jurisdiction to compel the delivery and cancellation of policies of insurance, bills and notes obtained by fraud, although that defence is equally available at law. [De Costa v. Scandret, 2 P. Wms. 170; Law v. Law, 3 ib. 391; Whittingham v. Thornburgh, 2 Vern. 206; Goddart v. Garrett, ib. 269; Menshaw v. Jordan, 3 Bro. C. 18 n.; Newman v. Milner, 2 Vesey, jr., 483; Jackman v. Mitchell, 13 Vesey, 581.] In Bromley v. Hillard, [7 Vesey, 3,] and Jarvis v. White, [ib. 413,] the question was raised, whether a court of chancery, in such a case, could decree without a trial first had at law, and decided affirmatively. The same conclusion is arrived at by chancellor Kent in Hamilton v. Cummings, [1 John. Ch. 517,] though he thought such relief was discretionary, and that applications to chancery for relief ought not to be encouraged. In Jarvis v. White and Kemp v. Pryor, [7 Vesey, 249,] Lord Eldon notices that the common practice in the exchequer is not to press such bills after a discovery is obtained; but denies that there is any reason to preclude a court of chancery from determining the case upon the evidence the same as any other of ordinary jurisdiction. Whatever may be the respect due to these decisions, it is certain they do not go the length of asserting that when a defence arises to a bill or note, which is subsequent to its making, this can be asserted in a court of equity, when there is no impediment to asserting it in a court of law. Doubtless, there are cases where an injury might be of such a nature, by withholding the evidence of the demand, that a court would be justified in taking jurisdiction for that cause; or even to restrain the negotiation of paper which should be cancelled; but

the effect of recognizing the doctrine, that a party was entitled to have a note delivered up by the coercion of a court of equity, when no action ought to be maintained on it, might bring any contested case into chancery for decision.

There is a clear distinction, however, between the power to exercise jurisdiction generally, and that which is incidental upon a discovery. It has been claimed for courts of equity, that they have jurisdiction to grant relief in all cases where the discovery sought for is obtained. [1 Story's Equity, 87, and cases there cited.] Without now enlarging upon an examination into the precise limits of this species of jurisdiction, we think it is clear that a court may, in such a case, proceed to decree the proper relief, unless the jurisdiction is declined by plea, answer or demurrer. In Newman v. Milner, [2 Vesey, jr., 483,] Lord Eldon asks, what is there for the court at law to try in such a case? There is certainly no good reason for withholding the proper relief, when the discovery is made, and the jurisdiction not declined. In cases against absent defendants, the effect of declining to answer is virtually the same as a confession of the allegations of the bill, and the same decree should be made in the one case as the other.

It is unnecessary to determine what is the proper practice when the bill is for discovery only, and when no decree could be made by the court, even if the discovery was made.

Our conclusion is, that this decree must be reversed, and the cause remanded for the proper decree to be rendered, if the party will enter into the security required by the statute.