# Spence *v.* Shapard *et al.*

*Bill in Equity to Recover of Stockholders for Debts due by a Corporation since Dissolved.*

1. *Stockholders; liability for debts of corporation; bill in equity to enforce.*—The liability of stockholders of corporations (pursuant to part two, title two, chapter three, of the Revised Code,) for debts of the corporation, becomes primary and absolute on the dissolution of the corporation; and a bill in equity will lie to enforce such liability, without averring the insolvency of the corporation, and without previous suit against it.

2. *Same; when bill not demurrable.*—A bill filed against two persons charging that they were stockholders of a corporation called "The Alabama and Georgia Contracting Company," whose business "was contracting for and building and constructing railroads in the States of Georgia and Alabama," stating the number of shares held by defendants, and that, at a certain time, the corporation, which has since been dissolved, became indebted in the sum of $160, "for wood sold and delivered by the complainant to the corporation," which debt is still unpaid, &c., is not demurrable, because it does not expressly aver that the corporation had power to make the contract.

APPEAL from the Chancery Court of Lee.

Heard before the Hon. N. S. GRAHAM.

Bill was filed by Samuel Spence, appellant, against appellees, to recover of appellees, as stockholders, an amount claimed to be due appellant by "The Alabama and Georgia Contracting Company," a corporation which became a body corporate as alleged "under section 1755 of the Revised Code, and the acts of the legislature amendatory thereof," for the purpose of carrying on, as such corporation, the business of constructing railroads in the States of Georgia and Alabama. Said bill avers "that on or about the first day of February, 1872, said company became indebted to complainant (in the sum sued for) on account of wood sold and delivered by complainant to said company;" that said company or corporation had a capital stock of $100,000; that the corporators, William B. Shapard and Hugh Carlisle (and three others who are not sued), each had one hundred shares; that said corporation has since been dissolved; that as to the corporators not sued, one is dead, and the others are non-resident.

The prayer of the bill is that the defendants be decreed to pay the amount of said wood account, and interest from the day it was due. One of the defendants, W. B. Shapard, de-

[Spence v. Shapard et al.]

murred to the bill, assigning the following causes: *First,* the bill is without equity; *second,* the bill fails to aver that said corporation has no property out of which the complainant can make his money; *third,* the bill shows that said corporation was dissolved after the first day of February, 1872, and by section 1775 of the Code, the complainant would have a right—five years after said dissolution—to recover his judgment and make his money by action at law against the said corporation; *fourth,* the complainant, according to his averments, would have a complete and perfect remedy at law; *fifth,* the bill does not aver the insolvency of said corporation; *sixth,* the bill fails to show that the complainant has obtained a judgment against the said Alabama and Georgia Contracting Company, so as to authorize him to go into equity to subject stockholders to his debt.

The cause coming on to be heard on said demurrer, the chancellor rendered his decree and sustained the same, and dismissed the bill, but without prejudice.

The decree is now assigned as error.

H. C. LINDSEY, for appellant.

BARNES & SONS, *contra.*

STONE, J.—Under a New York statute, "relative to corporations for manufacturing purposes," passed March 22, 1811, the following provision is found: "That for all debts that shall be due and owing by the company at the time of its dissolution, the persons then composing such company shall be individually responsible to the extent of their respective shares of stock in the said company, and no further." See 2 Revised Statutes, edition of 1859, 654, § 7. Under this statute many rulings were had in the several courts of New York, and the following, among other principles, were laid down, and have ever since been steadily adhered to: That when the corporation is dissolved, the liability of the stockholders to the creditors becomes primary and absolute; that it is not necessary first to sue the corporation, or to aver or prove its insolvency; that when the creditor sues a single stockholder, he can maintain an action of *assumpsit* or debt, and that when he proceeds against two or more stockholders, he can maintain a bill in equity.—*Slee v. Bloom,* 19 Johns. 456; *Briggs v. Perriman,* 8 Cow. 387; S. C. Hopk. 300; *Simonson v. Spencer,* 15 Wend. 548; *Bank of Poughkeepsie v. Ibbotson,* 24 Wend. 473; *Van Hook v. Whitlock,* 3 Paige,

409; *Perkins v. Church,* 31 Barb. 84; *Diven v. Duncan,* 41 Barb. 520; *Garrison v. Howe,* 17 N. Y. 458; *Stover v. Flask,* 30 N. Y. 64; see, also, *Bullard v. Bell,* 1 Mason, 243; *Matthews v. Albert,* 24 Md. 527; *Pollard v. Bailey,* 20 W. 520.

Section 1478 of the Code of 1852, (Revised Code, § 1760,) relating to the same subject, is a copy, less some unnecessary words, of the provision of the New York statute copied above. Its language is, " The stockholders of any such corporation are liable for all debts due by it at the time of its dissolution, to the extent of their stock." We think the present bill can be maintained, without averring the insolvency of the corporation, and without previous suit against it. We have declined to follow the New York rulings, so far as they hold that an action at law may be maintained by creditors against individual stockholders.—*Smith v. Huckabee,* 53 Ala. 191.

The present bill was filed against two persons, charging that they were stockholders of a corporation, named and called " The Alabama and Georgia Contracting Company," whose business was " contracting for and building and constructing railroads in the States of Georgia and Alabama." It charges that one of the remaining stockholders was dead, and that the other two named were non-residents of Alabama. That on or about February, 1872, said corporation " became indebted to complainant in the sum of one hundred and sixty dollars, for wood sold and delivered by complainant to the corporation," which debt is unpaid; that the shares of defendants in said corporation were ten thousand dollars each, and that said corporation has been dissolved.

There are few manufacturing or mechanical enterprises that do not need and employ wood in connection with their business. We can not say, as matter of law, on demurrer to complainant's bill, that the contract charged is *ultra vires,* and without the power of the corporation to contract. The bill is sufficiently definite, and contains all necessary averments to entitle complainant to the relief he prays, and the demurrers to it should not have been sustained.

Reversed and remanded.