# Dickinson *v.* Traphagan.

*Bill by Contract Creditor to Require Stockholder of Insolvent Corporation to Pay Amount Due on Subscription.*

(Decided April 28th, 1906.   41 So. Rep. 272.)

1. *Corporation; Stockholders; Liability; Action to Enforce; Nature and Form.*—Equity cannot entertain a bill by a simple contract creditor to require a stockholder of an insolvent corporation to pay balance due on subscription to stock under § 823 of the code 1896, this right belongs only to judgment creditors.

2. *Same.*—Acts 1903, p. 388, has no application to a bill filed by a contract creditor to subject a stock subscription to his claim.

3. *Same; Necessity of Judgment and Execution against Corporation;*

[Dickinson v. Traphagan.]

*Insolvency of Incorporation.*—A simple contract creditor may not maintain a bill to subject a stock subscription to his claim without first obtaining a judgment and a return of execution *nulla bona,* on the mere insolvency of the corporation.

4. *Same; Pleading; Bill; Sufficiency.*—A bill by a contract creditor to subject a stock subscription to his claim against a foreign corporation, which alleges that there was no person in the service of the corporation within the State, was insufficient and subject to demurrer; and was not the equivalent of an allegation of non compliance with the statute in not having a known place of business and an authorized agent, so as to show that it was impracticable to obtain a judgment.

5. *Same; Persons Liable; Married Women.*—The general statute imposing liability on shareholders of unpaid subscriptions includes married women, and they are not exempt by reason of coverture.

APPEAL from DeKalb Chancery Court.

Heard before HON. W. H. SIMPSON.

This was a bill filed by H. L. Traphagen to compel Gertrude H. Dickinson to contribute the value of the difference between the par value of her stock and the amount actually paid in by her towards the payment of complainant's claim against the Alabama Kaolin Company, an insolvent corporation. The allegations of the bill make complainant only a simple contract creditor. The other facts are sufficiently stated in the opinion.

GOODHUE & BLACKWOOD, for appellant.—The bill of complaint fails to show that under the laws of West Virginia respondent is liable for the difference between the value of the real estate conveyed to the corporation and the par value of her stock.—*Coyt v. Gold Amalgamating Company,* 119 U. S. 343; *Hospes v. N. W. Car Co.,* 15 L. R. A. 430; *Fort Madison Bank v. Alden,* 129 U. S. 378; *Bickley v. Schlag,* 46 N. J. 533; *Young v. Erie Iron Co.,* 64 Mich. 111. The complainant is not shown to be a judgment creditor of the corporation.—§ 823. code 1896; 10 Cyc. 728; *Tarbel v. Page,* 24 Ill. 46; *Van Weed v. Winston,* 115 U. S. 228. The Alabama Kaolin Company is entitled to a trial to determine whether or not it is indebted to complainant before recourse can be had on its stockholders.—*Swan Land Company v. Frank,* 148 U. S. 612; *Scott v. Neeley,* 140 U. S. 113.

[Dickinson v. Traphagan.]

HOWARD & HUNT, for appellee.—The constitution of West Virginia clearly defines the liability of a stockholder for his unpaid subscription to the capital stock.—10 Cyc. 678. An unpaid stock subscription is an asset of the corporation.—*Henderson v. Hall*, 134 Ala. 455. The acts of 1903 authorized simple contract creditors to marshall the assets of an insolvent corporation in a court of equity.—*McDonald v. Alabama G. L. Co.*, 85 Ala. 401; *Spence v. Shaphard*, 57 Ala. 598. That a stockholder is liable for his unpaid stock subscription is primary and absolute, and it is unnecessary to proceed against the corporation.—*McDonald v. Alabama G. L. Ins. Co.*, supra; 10 Cyc. 727. A general statute imposing individual liability upon shareholders includes married women, and they are not exempted by reason of coverture.—10 Cyc. 632.

ANDERSON, J.—This bill is filed by the complainant, a simple contract creditor of an insolvent corporation, to compel the respondent to pay what is due upon her subscription and to subject the same to payment of his debt. Section 823 of the code of 1896 confers this right in a court of equity only upon judgment creditors.

Acts 1903, p. 388, has no application to a bill of this kind, but simply permits the marshaling of the assets of an insolvent corporation for the payment of creditors. The bill in the case at bar is in no sense such a bill as is contemplated by said act. The complainant, having no right under the statute to maintain this bill, is relegated to the common law, and, if he cannot proceed thereunder, has no standing in the chancery court. "No facts will be sufficient to excuse the creditor from obtaining a judgment at law against the corporation, except facts which are such as to make it impracticable for him to obtain such a judgment." The mere insolvency of the corporation does not relieve the complainant from first obtaining a judgment and its being returned *nulla bona.*—10 Cyc. 728; *Tarbell v. Page*, 24 Ill. 46; *Van Weed v. Winston*, 115 U. S. 228, 6 Sup. Ct. 22, 29 L. Ed. 384.

An attempt is made in the bill as amended to excuse a failure to obtain a judgment against the corporation by

[Dickinson v. Traphagan.]

averring that the officers are nonresidents of the state, "and that there is no white person or any person in the service or employment of said corporation in Alabama." Section 232 of the constitution of 1901 provides that "no foreign corporation shall do any business in this state without having at least one known place of business and an authorized agent or agents therein, and without filing with the secretary of state a certified copy of its articles of incorporation or association. Article 16, c. 28, p. 445, code of 1896, makes provision for the requirements of the constitution in this respect and prescribes the method of a compliance therewith. It would therefore seem that the complainant could have obtained service if the law had been complied with by the corporation, and there should be an averment of the noncompliance therewith in order to show that the obtaining of a judgment was impracticable or impossible. This conclusion is not in conflict with the rulings of this court in the cases of *McDonald v. Ala. Gold Life Ins. Co.*, 85 Ala. 401, 5 South. 120; *Spence v. Shapard*, 57 Ala. 598. In those cases the bill was filed after a dissolution of the corporation. If the corporation had been dissolved, the creditor could not get service or a judgment in a court of law, and his only remedy was by a bill in equity. There is nothing in the bill here under consideration to indicate that the corporation has been dissolved, and, for aught we know, it is a going concern. The chancellor erred in overruling the second and third grounds of the demurrer.

The constitution of West Virginia clearly defines the liability of a stockholder for his unpaid subscription to the capital stock and is an affirmance of the common law. —10 Cyc. p. 678, §§ 1, 2. The first ground of the demurrer was properly overruled.

"A general statute imposing an individual liability upon the shareholders includes married women, and, unless they are specially mentioned by its terms, they are not exempted by reason of their coverture."—10 Cyc. p. 682, § 11; *Reciprocity Bank Case*, 22 N. Y. 9; *Dreisbach v. Price*, 133 Pa. 560, 19 Atl. 569. The fourth ground of the demurrer was properly overruled.

[Sellers v. Farmer.]

For the error above pointed out, the decree of the chancellor is reversed, and the cause remanded.

HARALSON, DOWDELL, and DENSON, JJ., concur.