# Warren, *et al. v.* Kilgroe.

*Bill to Collect and Marshal Assets of a Corporation for the Benefit of Creditors.*

(Decided February 8, 1912.   Rehearing denied May 1, 1912.
58 South. 432.)

*Corporation; Insolvency; Rights of Creditors.*—Under section 3509, Code 1907, a simple contract creditor of an insolvent corporation may sue on behalf of himself and all other creditors for the appointment of a receiver, and the collection of the assets; and where, after suit brought, other creditors obtained judgment and levy execution against the corporation, a supplemental bill by the creditor, setting out the facts and praying for an injunction to restrain proceedings under the judgments and execution, states a cause of action in equity.

APPEAL from St. Clair Chancery Court.

Heard before Hon. W. W. Whiteside.

Bill by T. Johnse Kilgroe against the Farmers' Union Warehouse & Storage Company and others to collect and marshal assets for the benefit of creditors.   From a decree appointing a receiver and granting an injunction, George E. Warren and others, execution creditors, appeal.   Affirmed.

The bill was subsequently amended by alleging that certain creditors had, since the filing of the bill, procured judgment against the corporation, and had execution levied upon the property; and an injunction is sought, restraining further proceedings under the judgment, and for the appointment of a receiver to take charge of the property, and to preserve it for the benefit of all creditors.   Warren and others are named as creditors, who have procured judgment and execution thereon.

M. M. & VICTOR SMITH, for appellant.   A creditor who has security must exhaust his security before he can

[Warren, et al. v. Kilgroe.]

resort to a creditor's bill in equity.—12 Cyc. 8. There was no sufficient allegation of insolvency.—*Ross v. Am. Banana Co.,* 150 Ala. 268. Complainant is shown to be only a simple contract creditor, and not entitled to intervene.—12 Cyc. 5, 9 and 10; 2 S. & P. 251; 67 Ala. 168; 67 Ala. 396; 110 Ala. 386; 123 Ala. 623. The bill failed to show with sufficient difiniteness that defendant had fraudulently conveyed, or attempted to do so, its property, or that the respondent has an equitable interest in property which he conceals, etc.—*Smith-Dimmick L. Co. v. Teague-Barnett Co.,* 119 Ala. 285; *Pollak v. Billing,* 131 Ala. 519; *Kimmey v. Reeves,* 142 Ala. 604; *O'Connor M. & M. Co. v. Coosa F. Co.,* 95 Ala. 614. These principles are not in conflict with the provision of section 3509, Code 1907.—*Marble City L. Co. v. Golden,* 110 Ala. 376; *Turrentine v. Koopman,* 124 Ala. 211. The statute does not confer any new ground of equity jurisdiction, and was only intended to restore the rule announced in *Corey v. Wadsworth,* 99 Ala. and. *Goodyear R. Co., Case,* 96 Ala.—*Dickinson v. Traphagan,* 147 Ala. 442; *City Bank & Trust Co. v. Leonard,* 168 Ala. 404; 119 N. Y. 101; 125 N. Y. 530; 10 Cyc. 1249 and 1258; 150 U. S. 127. It therefore follows that there is no equity in the bill, and the order of the court declining to dismiss the bill, and to annul the appointment of a receiver, should be overruled.

GARNER GREENE, N. B. SPEARS, and W. H. SMITH, for appellee. The bill was filed under section 3509, Code 1907, and the bill contains equity.—*Ala. Cent. Ry. Co. v. Stokes,* 157 Ala. 202. Complainant had the legal and equitable right to file this bill under the statute although he was a simple contract creditor.—*Tabor v. Royal I. Co.,* 124 Ala. 281; *Dickinson v. N. B. R.,* 98 Ala. 546; *Andrews v. Ford,* 106 Ala. 173; *Anniston Car*

*Wks. v. Ward,* 101 Ala. 670. The doctrine of lis pendens applies to the judgment of appellant.—*Moragne v. Moragne,* 143 Ala. 459, and cases cited; *Fash v. Ravesies,* 32 Ala. 451.

McCLELLAN, J.—According to the certificate of appeal, review is now sought of the chancellor's action "overruling the motion to dissolve the injunction for want of equity in the bill." The consideration here will be restricted to that action.

The original bill was filed by a simple contract creditor, and so on behalf of all other creditors. It was later amended; but this amendment did not alter its theory nor interpose a named complainant of greater dignity of claim against the corporation. As amended, the bill avers that complainant is a creditor, holding a promissory note of the Farmers' Union Warehouse & Storage Company, a corporation, and that the corporation is insolvent. It contained other averments, not necessary, for the present occasion, to rehearse. The prayer, among other things, is that a receiver be appointed and the assets collected and sold for the benefit of all creditors of the corporation. Subsequently other creditors secured judgments against the corporation, and executions thereunder were levied upon the property thereof. Thereupon the complainant, by supplemental bill, brought these facts before the court, praying an injunction to restrain the sale of the property so levied upon. Injunction to that end was issued, and appellant moved that it be dissolved on the ground indicated at first.

Code, § 3509, provides: "The assets of insolvent corporations constitute a trust fund for the payment of the creditors of such corporations, which may be marshaled and administered in courts of equity in this state."

It is too evident for doubt that this bill, original and supplemental, presents a cause within the plain letter of the statute, and especially so when ·the jurisdiction of equity over the enforcement of trusts and the administration of trust estates is considered.

It is not now important or desirable to take account of the cases of *Corey v. Wadsworth,* 99 Ala. 77, 11 South. 350 23 L. R. A. 618, 42 Am. St. Rep. 29, *Goodyear Rubber Co. v. Scott,* 96 Ala. 439, 11 South. 370, or *O'Bear Jewelry Co. v. Volfer & Co.,* 106 Ala. 205, 17 South. 525, 28 L. R. A. 707, 54 Am. St. Rep. 31, in the particular that they treated or affected the question of the trust character of the assets of the corporation; the statute quoted having, by its terms, established a status and fixed a rule wherefrom equity's jurisdiction for the marshaling and subjection of assets of insolvent corporations is open to be availed of by any character of creditor of an *insolvent* corporation.

The bill considered in *Dickinson v. Traphagan,* 147 Ala. 442, 41 South. 272, was by a simple contract creditor, and sought only to compel a subscriber for capital stock of a corporation which became. insolvent to pay the difference between its par value and what that subscriber had actually paid. It was ruled that such a bill did not fall within the quoted statute. Manifestly that was true. It sought no administration of a trust estate; and, as was necessary, the bill not being within the statute, the court considered its sufficiency under doctrines apart from the influence of the statute.

The discussion of this statute in *City Bank & Trust Co. v. Leonard,* 168 Ala. 404, 421, 53 South. 71, 76, is not authoritative. All the court said was this: "All that we decide in this case is that the chancellor did not err in denying the petition."

The court did not err in declining to dissolve the injunction.

Affirmed. All the Justices concur.