# Drennen *v.* Jenkins, *et al.*

### Bill to Subject to Creditor's Claim Unpaid Subscriptions of Stock.

(Decided January 23, 1913.  60 South. 856.)

1. *Corporations; Stockholders Liable; Action.*—Where a bank has been adjudged insolvent and a receiver appointed at the suit of the attorney general as provided by section 5360, Code 1907, in which suit the corporation was in effect dissolved, depositors in such bank may maintain a creditor's bill; the provisions of section 3744, Code 1907, not being applicable.

2. *Same; Adequacy of Legal Remedy.*—While the creditor's bill may be maintained only where the creditor's legal remedy was inadequate, in the absence of a statute, yet where the corporation has been in effect dissolved the legal remedy is inadequate.

3. *Same; Dissolution; Assets.*—Where a corporation has been practically dissolved after it has ceased to be a going concern, its assets, including the amount due on unpaid subscriptions to stock, are a trust fund for the benefit of creditors and may be collected in equity.

4. *Same; Liability of Stockholder.*—A bill by a creditor seeking to subject the unpaid subscription to the stock of a bank to the payment of the bank's debts was not demurrable for not showing liability of the stockholder, when it alleged that complainants were not preferred creditors, and that the assets of the bank, without the unpaid subscription, were not sufficient to pay the claims of preferred creditors and that it was necessary to subject the unpaid subscription.

5. *Pleading; Demurrer; Admissions.*—For the purposes of the particular suit, a demurrer admits as true the well pleaded allegations of the bill.

APPEAL from Jefferson Chancery Court.

Heard before Hon. A. H. BENNERS.

Bill by Mary Ann Jenkins, and others against W. M. Drennen to subject to the payment of their claims respondent's unpaid subscription to stock in the State Bank of Pratt City. From a decree overruling demurfers to the bill respondent appeals. Affirmed.

STALLINGS & DRENNEN, for appellant. Counsel discuss the averments of the bill and insist that the pay-

ment of the indebtedness of appellant to any one other than the receiver would not relieve him from being required to account to the receiver. They insist that the bill fails to show the insolvency of appellant and that a suit at law would not give a full and complete remedy. They cite no authority.

HUNDLEY & HUNT, M. W. HOWARD and GARBER & GARBER, for appellee. The confirmation of the report of the register allowing complainant's claim as a valid claim against the bank estate relieved complainant of first reducing their claim to judgment as required by section 3744, Code of 1907. The receiver was without authority to sue for the unpaid stock subscription which the corporation had released by a contract binding on itself.—12 L. R. A. 328. The creditor was authorized to proceed under section 3560, Code 1907.—*Henderson v. Mayfield Woolen Mills*, 153 Ala. 629.

MAYFIELD, J.—This is a creditors' bill. The creditors were depositors in the State Bank at Pratt City, which has been declared insolvent, and for which a receiver has been appointed at the suit of the Attorney General of the state, as is provided for under section 3560 of the Code. The bill seeks to subject the unpaid subscriptions of appellant, a stockholder in the said banking corporation, to the payment of the debts due from the insolvent corporation. The bill alleges that the complainants were depositors in the savings department of the banking corporation; and, their accounts or demands against the bank being interest bearing, they were not, therefore, preferred creditors as were those depositors whose demands or claims were not interest-bearing, and that the assets of the bank, aside from the unpaid subscriptions of the stockholders, were

insufficient to pay the claims of the preferred creditors, and that it was therefore necessary to subject these funds, to wit, the unpaid subscriptions of the stockholders, in order to pay the debts of complainants due from the corporation. The bill further shows that the claims and debts of the complainants had been passed upon by the court, in a suit by the Attorney General against the insolvent bank, and had been allowed as valid claims against the estate and funds of the insolvent bank, and that, by the decree of the court in that case, the complainants were required to file their claims with the register. The bill further shows that no suit has been brought by the receiver against the stockholders to recover, or subject the unpaid subscriptions of the stockholders to the insolvent corporation. The bill alleges that the appellant stockholder had never paid his subscription for stock in the banking corporation, and that, while the corporation was insolvent, he sold his stock to another insolvent corporation, with a full knowledge of the insolvency of both corporations. To this bill the respondent (appellant here) demurred, assigning many grounds. The demurrer being overruled, from that decree on demurrer he prosecutes this appeal.

The grounds insisted upon in brief of counsel for appellant are: First, that, if this suit is maintainable, it should be brought by the receiver of the insolvent corporation, and not by these creditors, or at least that the receiver should be made a party to the suit; secondly, that the bill cannot be maintained, for the reason that the complainants are not judgment creditors; and, lastly, that the bill does not sufficiently show that the appellant, Drennen, was liable to the creditors of the insolvent corporation as for unpaid subscriptions for stock in such corporation. We do not think that the demurrer is well taken, and consequently there is no

error in the decree overruling it. We think the bill sufficient, as a creditors' bill, to subject the unpaid subscriptions for stock to the claims of these creditors.

While section 3744 of the Code of 1907 only authorized a judgment creditor of a corporation, having an execution returned "no property found," to file a bill in equity to subject to the payment of his judgment the unpaid subscriptions of one or more stockholders, without joining other stockholders, and without regard to whether the corporation has called for subscriptions or could maintain a suit therefor against the stockholders, yet the averments of the bill in this case relieve the complainants from the necessity of complying with the provisions of this section before filing the bill; or, in other words (as was held in the case of *Dickinson v. Traphagen*, 147 Ala. 442, 41 South. 272); they show that this section is not applicable, because it would be impracticable to get judgments.

The averments in this bill bring the case within the protection of the rule declared by this court in *McDonnell v. Insurance Company*, 85 Ala. 401, 5 South. 120, and *Spence v. Shapard*, 57 Ala. 598, which cases are referred to in the *Dickinson Case, supra*. In *Spence v. Shapard*, it was said, referring to the New York decisions only, that, when a corporation was dissolved, the liability of the stockholders to creditors became absolute; that it was not then necessary to first sue the corporation or to aver or prove its insolvency; that, when the creditor sued a single stockholder, he could maintain an action of assumpsit or debt; and that, when he proceeded against two or more stockholders, he could maintain a bill in equity. This court, following the rule declared by the New York court, said in *Spence v. Shapard, supra*: "We think the present bill (which was like the bill at bar) can be maintained without

averring the insolvency of the corporation, and without previous suit against it; but we have declined to follow the New York rulings so far as they hold that an action at law may be maintained by creditors against individual stockholders."

In this case the bill, however, does aver that the corporation was insolvent; that it had been so adjudicated; and that a receiver had been appointed at the suit of the Attorney General on behalf of the state, under the statutory provision for that purpose. We therefore think it clear that the complainants can maintain this bill. It was said in the case of *Dickinson v. Traphagen,* *supra,* that, if the corporation had been dissolved, the creditor could not get judgment on a service in a court of law, and therefore his only remedy was by a bill in equity. The bill in this case avers that the corporation had in effect been dissolved, and that therefore his only remedy would be by a bill in equity.

We do not think that it was necessary, even if proper, for the receiver, appointed by the court under the statutory proceeding at the instance of the state, to file this bill. If that suit had been a general creditors' bill for the purpose of winding up the business of the corporation and disbursing its assets, the contentions of the appellant might be true; but that suit was purely a statutory one for the purpose of dissolving the charter of a state bank, or of winding up its business when it became insolvent, and the statute does not expressly provide for the institution of a suit like the one in question, though we do not mean to decide that the receiver appointed in such statutory provision could not maintain such a bill. But what we do decide is that a statutory proceeding, such as is shown by the bill in this case, will not prevent the creditors from maintaining a creditors' bill like the one in this case.

We are not unmindful of the general rule that the jurisdiction in equity attaches only when the creditors' legal remedies have been proven inadequate, in the absence of express statutes conferring equity jurisdiction; but it seems to us that the averments of this bill sufficiently show the inadequacy of legal remedies, and necessitate the aid of equity at the suit of these creditors. We do not hold, in this case, that the receiver of the corporation could not maintain a bill to subject the assets of the corporation sought to be subjected by the creditors in this bill, nor that he cannot be made a party. We are informed by this record that the receiver has interposed no objection to the maintenance of this bill by the creditors; but to the contrary, his attorneys join in the brief with the attorneys of the creditors on this appeal, and insist upon the right of the creditors to maintain the bill. The corporation having ceased to do business, and a receiver for its property having been appointed by the chancery court at the suit of the Attorney General, it is of course no longer a going concern, and is declared to be insolvent.

Consequently its assets, including the amount due from its subscribers to its stock, as for unpaid subscriptions, is a trust fund for the benefit of its creditors, and is therefore subject to be collected and administered by a court of equity, which is the purpose of this suit.

The demurrer, in so far as it attempts to raise the question of the insufficiency of the averments to show any liability on the part of the appellant for the payment of the stock held and transferred by him, we do not think is well taken.

If the facts averred in the bill are true, and on demurrer they must be so treated, the appellant would

[Kaplan v. Coleman, et al.]

be liable as for payment for such stock so issued and transferred by him.

Finding no error, the decree of the chancellor overruling the demurrer is sustained.

Affirmed.

DOWDELL, C. J., and ANDERSON and DE GRAFFENRIED, JJ., concur.