(89 South. 604)

**JAGGERS v. HOWELL et al. (8 Div. 345.)**

(Supreme Court of Alabama. June 30, 1921.)

**1. Corporations ⬤615 — Equity ⬤149 — Bill held not inequitable, inconsistent, or multifarious.**

A bill against a corporation and an individual to dissolve the corporation, and have a receiver appointed and assets distributed among creditors, which was obviously filed by complainants as contract creditors, was not inconsistent or multifarious, or lacking in equity, by reason of an allegation therein that plaintiffs were stockholders in the corporation.

**2. Corporations ⬤615—Bill to dissolve corporation, for a receiver, etc., need not show complainants are judgment creditors.**

A bill to dissolve corporation and for a receiver, and to have assets distributed, being filed under Code 1907, § 3509, to marshal and administer the assets of an insolvent corporation as a trust fund for the benefit of creditors, need not show that complainants are judgment creditors, either for maintenance of the bill in general, or for collection of debts due the corporation, including unpaid subscriptions for stock.

Appeal from Circuit Court, Morgan County; Robt. C. Brickell, Judge.

Bill by A. P. Howell and others, as simple contract creditors, against the Hartsell Oil & Fertilizer Company and C. O. Jaggers to dissolve a corporation, and for the appointment of a receiver for the collection of the company's assets and their distribution among the creditors. From a decree overruling the demurrers interposed by Jaggers, he appeals. Affirmed.

The bill alleges that complainants are simple contract creditors of the corporation, that the corporation is insolvent, and that the appellant, C. O. Jaggers, and others who are made parties respondent, are indebted to said corporation for unpaid subscriptions to the capital stock of said corporation. It is also alleged that Jaggers is indebted to the corporation in other large sums, and an ac-

counting is prayed against them, together with a personal judgment. The bill makes all parties who are contract creditors parties complainant, if they desire to avail themselves of the privilege.

A. A. Griffith, of Cullman, and Callahan & Harris, of Decatur, for appellant.

Being stockholders, the complainants must show that they have exhausted all other remedies within the corporation before they can proceed. 125 Ala. 465, 28 South. 2, 82 Am. St. Rep. 257; 98 Ala. 219, 13 South. 212; 84 Ala. 613, 4 South. 763. The bill fails to state many of the details necessary to give it equity when filed by simple contract creditors. 93 Ala. 579, 9 South. 370; 155 Ala. 619, 47 South. 93. There is no allegation that there has been a fraudulent transfer. 110 Ala. 376, 17 South. 935. The creditor should first obtain a judgment at law. 123 Ala. 623, 26 South. 199; 110 Ala. 376, 17 South. 935; 67 Ala. 396; 150 U. S. 378, 14 Sup. Ct. 127, 37 L. Ed. 1113. Only a judgment creditor can proceed to collect unpaid subscriptions to the capital stock. Section 3744, Code 1907; 147 Ala. 444, 41 South. 272; 10 Cyc. 728.

Sample & Kilpatrick, of Hartsells, for appellees.

The bill has equity and the court properly overruled the demurrers. Section 3509, Code 1907; 180 Ala. 261, 60 South. 856; 176 Ala. 374, 58 South. 274; 195 Ala. 647, 71 South. 419; 187 Ala. 199, 65 South. 771; 7 R. C. L. 731; 150 Ala. 268, 43 South. 817; 167 Ala. 485, 52 South. 523.

SOMERVILLE, J. [1] The bill of complaint is obviously filed by complainants as contract creditors, and the allegation that they are also stockholders in the respondent corporation is not material to its purpose, and does not affect its equity, nor render it inconsistent or multifarious.

[2] Being filed under section 3509 of the Code to marshal and administer the assets of an insolvent corporation as a trust fund for the benefit of creditors, it is not necessary that complainants should show that they are judgment creditors, either for the maintenance of the bill in general or for the collection of debts due the corporation, including unpaid subscriptions for capital stock. Drennen v. Jenkins, 180 Ala. 261, 60 South. 856; Pankey v. Lippman, 187 Ala. 204, 65 South. 773; Hundley v. Hewitt, 195 Ala. 647, 71 South. 419. The cases cited in brief for appellant are not applicable to bills of this character. Dickinson v. Traphagan, 147 Ala. 442, 41 South. 272, in particular, was distinguished and held inapplicable in Drennen v. Jenkins, supra.

In paragraphs 3 and 4 of the bill it is dis-

tinctly alleged that the respective claims of complainants are due, and the considerations upon which they are based are clearly and sufficiently averred.   We hold that the bill is well filed, and is not subject to any of the grounds of demurrer urged against it.

The decree of the circuit court is therefore affirmed.

Affirmed.

ANDERSON, C. J., and McCLELLAN and THOMAS, JJ., concur.