(105 So. 590)

## SUGAR FACTORIES CONST. CO. et al. v. FIES et al. (6 Div. 292.)

(Supreme Court of Alabama. June 11, 1925. Rehearing Denied Oct. 22, 1925.)

1. Corporations ☞680—Bill held to contain equity as bill by simple contract creditors to marshal and administer assets of insolvent corporation for benefit of all creditors.

Bill praying discovery and distribution among creditors, without preference or priority of all assets of insolvent foreign corporation, and judgment for balances due on subscriptions to capital stock thereof, *held* to contain equity, as bill by simple contract creditors to marshal and administer assets of such corporation in state for common benefit of all creditors, pursuant to Code 1923, § 7062.

2. Corporations ☞680—Complainants need not show that they are judgment creditors to maintain bill.

To maintain bill under Code 1923, § 7062, to marshal and administer assets of insolvent foreign corporation for benefit of creditors, or to collect debts due it, including unpaid subscriptions for capital stock, complainants need not show that they are judgment creditors.

3. Discovery ☞19—Verification of bill not required because of incidental prayer for discovery of assets.

Verification of bill to marshal and administer assets of insolvent corporation for benefit of creditors, under Code 1923, § 7062, *held* not required because of incidental prayer for discovery of assets.

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**4. Appeal and error ⬤⟿192(2)—Objection not taken below to failure to verify bill for discovery not available on appeal.**

Objection, not taken in court below, that bill for discovery is not verified by oath need not be considered on appeal.

**5. Corporations ⬤⟿680—Bill not defeated by fact that principal debtor is foreign corporation, if service was effectual to bring it in.**

That principal debtor is foreign corporation does not defeat bill, under Code 1923, § 7062, to marshal and administer its assets in state for benefit of creditors and recover balances due on stock subscriptions, if service was effectual to bring it in.

**6. Corporations ⬤⟿680—Bill held to operate for common benefit of creditors coming in at any time before final decree.**

Bill to marshal and administer assets of insolvent foreign corporation for benefit of creditors under Code 1923, § 7062, *held* to operate for common benefit of creditors coming in at any time before final decree, though containing no explicit invitation to other creditors to come in, share burden of litigation, and participate pari passu in its benefits.

**7. Corporations ⬤⟿680—Bill against stockholders and directors of principal debtor held to contain equity, though construed as for benefit of complainants only.**

Creditors' bill against number of stockholders and directors of principal debtor to subject unpaid stock subscriptions to payment of corporate debts and hold defendants liable for breaches of trust in manipulation of corporate affairs *held* to contain equity, though construed as one for benefit of complainants only, as only court of equity can so frame decree as to work out equality between defendants, especially in view of Code 1923, §§ 7062, 7347.

**8. Appeal and error ⬤⟿78(3)—Ruling sustaining demurrer to plea in abatement not appealable.**

Ruling sustaining demurrer to plea in abatement will not support appeal, under Code 1923, § 6079.

Appeal from Circuit Court, Jefferson County; William M. Walker, Judge.

Bill in equity by Eugene Fies and another against the Sugar Factories Construction Company and others. From a decree sustaining demurrer to plea in abatement of the defendant named and overruling demurrers of other defendants, they appeal. Appeal of the defendant named dismissed, and decree affirmed as against other defendants.

McClellan, Rice & Stone, of Birmingham, for appellants.

A foreign corporation, not qualified and not doing business in Alabama, is not amenable to the process of local courts to enforce personal liability against it, and service upon an officer or director thereof is not sufficient to give jurisdiction. Jefferson Island Salt Co. v. E. J. Longyear & Co., 210 Ala. 352, 98 So. 119; 9 Fletcher on Corp. § 6021; Beech v. Kerr Turbine Co. (D. C.) 243 F. 706; International Text-Book Co. v. Tone, 220 N. Y. 313, 115 N. E. 914; Tauza v. Susquehanna Coal Co., 220 N. Y. 259, 115 N. E. 915; St. L. S. W. v. Alexander, 227 U. S. 218, 33 S. Ct. 245, 57 L. Ed. 486, Ann. Cas. 1915B, 77; Doe v. Springfield B. & M. Co., 104 F. 684, 44 C. C. A. 128; Jackson v. Delaware River Am. Co. (C. C.) 131 F. 134; Central Grain Exch. v. Board of Trade, 125 F. 463, 60 C. C. A. 299; Dozier Lbr. Co. v. Smith Ishburg L. Co., 145 Ala. 317, 39 So. 714; Pullman Palace Car Co. v. Harrison, 122 Ala. 149, 25 So. 697, 82 Am. St. Rep. 68. A bill to subject unpaid stock subscriptions to the payment of corporate debts is without equity. The remedy at law is adequate. Code 1923, § 8062; Enslen v. Nathan, 136 Ala. 412, 34 So. 929; Curry v. Woodward, 53 Ala. 371. A simple creditor of a corporation cannot by bill in equity subject an unpaid stock subscription to the payment of his debt. Dickinson v. Traphagan, 147 Ala. 442, 41 So. 272. The bill is without equity as one for discovery. Code 1923, § 7343; Lawson v. Warren, 89 Ala. 584, 8 So. 14; Sweetzer, Pembroke & Co. v. Buchanan, 94 Ala. 574, 10 So. 552; O'Connor M. & M. Co. v. Coosa Fur. Co., 95 Ala. 614, 10 So. 290, 36 Am. St. Rep. 251; Sugar Beets Prod. Co. v. Lyons Ref. Co. (C. C.) 161 F. 215.

Harrison & Judge, of Birmingham, for appellees.

The bill has equity to subject unpaid stock subscriptions; the statutory legal remedy is not exclusive. Porter v. Perdue, 105 Ala. 293, 16 So. 713, 53 Am. St. Rep. 124; Sun Ins. Co. v. Doster-Northington Drug. Co., 164 Ala. 572, 51 So. 414; Waldron v. Simmons, 28 Ala. 629; Crass v. M. & C. R. Co., 96 Ala. 447, 11 So. 480; Lee v. Lee, 55 Ala. 590; Warren v. Kilgore, 176 Ala. 476, 58 So. 432; Drennen v. Jenkins, 180 Ala. 216, 60 So. 856; Hundley v. Hewitt, 195 Ala. 647, 71 So. 419; Pankey v. Lipman, 187 Ala. 199, 65 So. 771; Jaggers v. Howell, 206 Ala. 337, 89 So. 604. Nonresidence of corporation is no impediment to the bill for discovery. Arnold v. Sheppard, 6 Ala. 299; 18 C. J. 1065; Guild v. Guild, 16 Ala. 121; Allen v. Buchanan, 97 Ala. 402, 11 So. 777, 38 Am. St. Rep. 187. A bill praying incidentally for discovery need not be verified. Shelton v. Timmons, 189 Ala. 289, 66 So. 9; Pallison v. Home Tel. Co., 152 Ala. 440, 44 So. 575; Bromberg v. Bates, 98 Ala. 561, 13 So. 557. The bill has equity as one seeking an accounting, and marshaling and restoring of assets. St. Mary's Bank v. St. Johns, 25 Ala. 612; Gibson v. Trowbridge, 96 Ala. 360, 11 So. 365; Goodyear Rubber Co. v. Scott, 96 Ala. 439, 11 So. 370; Warren v. Kilgore, 176 Ala. 476, 58 So. 432; 14 C. J. 934.

---

⬤⟿For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

SAYRE, J. Complainants, appellees Eugene Fies and another, representing themselves to be creditors of the Sugar Factories Construction Company in a large sum, filed the bill in this cause against said company, a corporation under the laws of the Republic of Cuba, Birmingham Machine & Foundry Company, and Ingalls Iron Works Company, corporations organized under the laws of this state, and against George M. Morrow, Jr., and Robert I. Ingalls, individually, and as both president and director of the foundry company and the iron works company, respectively. It is alleged that Morrow, Ingalls, the foundry company, and the iron works company subscribed to the capital stock of the sugar company, and that their subscriptions are not yet fully paid; that the amounts of the unpaid balances are unknown to complainants; that from a time anterior to May 16, 1922, the said Sugar Factories Construction Company has been insolvent; that it had become largely indebted to the Alabama corporations; that Morrow and Ingalls are large shareholders, and substantially the owners of the foundry and iron works companies, and by reason of their control of the sugar company did, while it was insolvent, and in violation of their duty to its creditors, cause large sums of money, the amounts of which are unknown to complainants, to be paid by it to the foundry and iron works companies, and have failed and omitted to pay the balances due upon their subscriptions or to call upon other shareholders for such payment; that the sugar company has a suit pending at Havana in one of the courts of Cuba for a large sum, and that Morrow, after having promised, for the sugar company, that the proceeds of said suit would be distributed pro rata among all its creditors, had caused the sugar company to pledge its said claim to the foundry company and the Ingalls Company with the intent and purpose of procuring for said companies, and for himself and Ingalls, practical owners, preferential payment over other creditors. It is alleged that—

"By the exercise of the equitable jurisdiction and powers of this court in personam upon and over the said respondents, the said assets, and all of the other assets of said sugar factories construction company, can be discovered and applied, pro rata, and without preference or priority of one over the other, to the payment of all its debts," etc.

The prayer is for discovery; that defendants be adjudged to pay the balances due upon their several subscriptions to the capital stock of the Sugar Factories Construction Company; that the assets of the Sugar Factories Construction Company be distributed among its several creditors, including complainants, without preference or priority. This rough outline will suffice to disclose the purport and purpose of the bill.

The Sugar Factories Construction Company pleaded in abatement. Other defendants demurred separately. Complainants' demurrer to the sugar company's plea was sustained. The separate demurrers of the other defendants to the bill were overruled. Defendants appeal, and assign errors severally.

[1] We construe the bill as a bill by simple contract creditors to marshal and administer for the common benefit of all creditors, who may come in and prove their claims, the assets in this state of an insolvent corporation according to the provision of section 3509 of the Code of 1907, reproduced in the Code of 1923 as section 7062. If this be the correct construction of the bill, we find no sufficient reason on which to deny its equity. Jaggers v. Howell, 206 Ala. 337, 89 So. 604; Warren v. Kilgore, 176 Ala. 476, 58 So. 432.

[2] "It is not necessary that complainants should show that they are judgment creditors, either for the maintenance of the bill in general or for the collection of debts due the corporation, including unpaid subscriptions for capital stock." 206 Ala. 337, 89 So. 604.

[3, 4] The bill is not verified by oath, as bills for discovery, pure and simple, should be; but the discovery sought is incidental to the main object of the bill, and in such case verification is not required. Shelton v. Timmons, 189 Ala. 289, 66 So. 9, and cases cited. Nor was this objection taken in the court below.

[5] Nor does the fact that the principal debtor is a foreign corporation stand in the way of the bill, if the service has been effectual to bring it in. Arnold v. Sheppard, 6 Ala. 299; Lamkin v. Lovell, 176 Ala. 334, 58 So. 258; Allen v. Buchanan, 97 Ala. 399, 11 So. 777, 38 Am. St. Rep. 187; 4 Pom. Eq. Jur. (4th Ed.) § 1318.

[6, 7] The bill contains no explicit invitation to other creditors to come in, share the burden of the litigation, and participate pari passu in its benefits. However, we have shown enough of it to make reasonably apparent the purpose of the pleader to file a bill for the common benefit of creditors who may come in, as they may do at any time before final decree. But, though the bill be construed as one for the benefit of complainants only, it still contains equity according to the decision in Drennen v. Jenkins, 180 Ala. 261, 60 So. 856, for it is a bill against a number of the stockholders and directors of the principal defendant to subject unpaid subscriptions and to hold them liable for breaches of trust in the manipulation of the affairs of the principal defendant, and only a court of equity can so frame a decree as to work out equality between defendants. Herein this case differs from Dickinson v. Traphagan, 147 Ala. 442, 41 So. 272, to which defendants refer for support of their argument against the equity of the bill. That case was considered in Drennen v. Jenkins, supra. Relevant sections of the Code, sections 3509

and 3744 of the Code of 1907, bearing in some degree the impress of the decision in Drennen v. Jenkins, have been reproduced in sections 7062 and 7347 of the Code of 1923, and it would seem to be too late now to reconsider that case. But we do not find that its results require reconsideration or criticism.

[8] As we have noted, the Sugar Factories Construction Company pleaded in abatement of the service of process upon it. For an obvious reason it did not demur to the complaint. Its standing then in this court on appeal depends exclusively upon its right to review the ruling on the demurrer to its plea in abatement. But that ruling will not support an appeal. Code 1923, § 6079; Worthington v. Morris, 212 Ala. 334, 102 So. 620.

The appeal of the sugar factories construction company is dismissed. As against the other appellants the decree is affirmed.

ANDERSON, C. J., and GARDNER and MILLER, JJ., concur.