**CHAPMAN, Com'r of Banking, v. BOONE et al. (No. 38.)**

(Court of Civil Appeals of Texas. Eastland. Oct. 30, 1925. Rehearing Denied Dec. 4, 1925.)

**Husband and wife ⊛⇒98—Estate of married woman held subject to assessment against bank stock owned by her.**

Estate of married woman *held* subject to assessment against bank stock owned by her during her life, and purchased with her separate estate while under disabilities of coverture, where, after Rev. St. 1911, art. 1123, was passed, she accepted from bank and receipted for stock certificate issued in lieu of old one lost.

Appeal from District Court, Eastland County; E. A. Hill, Judge.

Suit by J. L. Chapman, Commissioner of Banking, against Dan Boone and others. Judgment for defendants, and plaintiff appeals. Reversed and remanded, with instructions.

W. J. Rogers, of San Antonio, and M. E. Lawrence, of Eastland, for appellant.

---

⊛⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Phillips, Brown & Morris, of Fort Worth, for appellees.

LITTLER, J. This is a suit to recover the statutory stockholder's assessment from the stockholder of a defunct state bank. The defense of coverture on the part of the stockholder, Mrs. M. E. Boone, was pleaded. Mrs. Boone died prior to the assessment and the object of this suit is to subject her property to the assessment.

The only question presented for decision is whether the estate of Mrs. M. E. Boone is subject to the assessment against bank stock owned by her during her life and purchased with her separate estate while she was under the disabilities of coverture. The findings of the court reflect the following facts material to the question under consideration: That the original certificate was issued to Mrs. Boone on October 13, 1909, and purchased and paid for by Mrs. Boone with her separate means. That the original certificate was lost, and in lieu thereof in June, 1921, another certificate was issued to Mrs. Boone for said stock, and that she receipted for said substituted certificate on the stock book of the bank. That at the time of Mrs. Boone's death she was the owner of certain blocks of land in Eastland county, to wit, –E/4 and –F/5, in the city of Eastland, and that no part of same was the homestead of deceased and her husband.

The trial court concluded as a matter of law that a married woman could not enter into contractual relations with a bank and the other stockholders thereof, nor the creditors of such corporation; that the liability of the stockholder is a contractual one and is avoided by coverture and rendered judgment for the defendants, heirs of Mrs. M. E. Boone.

It is but fair to the learned trial judge and the counsel for appellees to state that at the time of the trial of this case in the court below, this question was an open one in the courts of this state, and there was diversity of opinion among the members of the bar generally as to the liability of a married woman for the stockholder's assessment in a state bank.

Since the trial of this case in the court below, and since the filing of the briefs, the Court of Civil Appeals for the Third District, in the case of Chapman v. Pettus, 269 S. W. page 268, has held that under the provisions of our Constitution relating to state banks and the statutes with regard to shareholders in corporations generally, a married woman is liable for the statutory assessment on the stock held by her in her own right in a state bank. The Supreme Court denied writ of error in that case and of necessity approved the holding therein made, as the judgment of the Court of Civil Appeals was predicated entirely upon this one question, although others were incidental thereto.

We are unable to find any distinction between the facts in that case and the one at bar. Here the stock was acquired by Mrs. Boone in 1909. In the case of Chapman v. Pettus, supra, the stock was acquired by a married woman in 1913. In Chapman v. Pettus, article 1123, Revised Statutes, was applied. If applicable there, it is so here. The application of that statute, while not so stated by the Court of Civil Appeals, must have been based upon the proposition that the exercise by a married woman of ownership and control over stock in a state bank after the act 1919 (Laws 1919 [36th Leg.] c. 132, § 1 [Vernon's Ann. Civ. St. Supp. 1922, art. 1123]), but acquired before the enactment of same, Revised Statutes, art. 1123, had the effect of making her a legal stockholder under said article. In this case, after that article was passed Mrs. Boone accepted from the bank and receipted for a substituted stock certificate, which would bring the situation as shown by the record in this case squarely within the decision of Chapman v. Pettus.

It appears that our state banking act is borrowed almost verbatim from the acts of Congress relating to national banks. Prior to the adoption of our Banking Act (Acts 1905 [1st Called Sess.] c. 10), the Supreme Court of the United States, in the case of Christopher v. Norvell, 201 U. S. 216, 26 S. Ct. 502, 50 L. Ed. page 732, 5 Ann. Cas. 740, held that a married woman although incapable of contracting under the laws of the state was liable for an assessment on stock of a national bank held by her. If the familiar rule, that in adopting the statute of another jurisdiction the construction placed on such statute by the court of last resort in the jurisdiction from which the statute was taken was also adopted, is to be applied, a further reason would be presented for holding Mrs. Boone's estate liable in this case.

The decision in the case of Chapman v. Pettus, supra, follows the general rule, with reference to the question here decided, in other jurisdictions, and in addition to the cases there cited we cite the following: Dreisbach v. Price, 133 Pa. 560, 19 A. 569; Sayles v. Bates, 15 R. I. 342, 5 A. 497; Dickinson v. Traphagen, 147 Ala. 442, 41 So. 272.

The conclusion here is that the learned trial court erred in its conclusion of law that a married woman was not liable for assessment on bank stock owned by her individually. Hence we conclude that her individual estate being lots –E/4 lots –F/5 are subject to the payment made by the commissioner, and the trial court erred in not so holding.

The judgment of the trial court is therefore reversed, with directions to enter judgment in favor of the plaintiff against lots –E/4 and –F/5 for the full amount of the assessment and directing that an execution issue in favor of the plaintiff for the amount of such assessment authorizing the sheriff

or any constable of Eastland county to sell said lots or so much thereof as may be necessary to satisfy said assessment, interest, and cost, and if said lot or lots so sold shall bring more than enough to pay the amount due on said assessment, interest, and cost to pay the remainder over to the appellees, assuming, however, that if said lots do not sell for enough to pay the assessment, interest, and cost, no execution shall be issued against any of said appellees personally, but that the sale of the above-described property shall be in full payment of any and all claims of the plaintiff for the assessment sued for. The cost of this appeal is hereby taxed against appellees.

Reversed and remanded, with instructions to the trial court to enter judgment in accordance with this opinion.

### On Motion for Rehearing.

Appellee has filed a very able motion for rehearing. However, it cites only one case not cited in his original brief, this being Arnold v. Leonard (Tex. Sup.) 273 S. W. page 799, insisting that this case overrules the opinion of the court in the case of Chapman v. Pettus (Tex Civ. App.) 269 S. W. page 268. We regret that we cannot agree with appellee, and we adhere to our original opinion in holding that the case of Chapman v. Pettus, supra, governs the law in this case.

Appellee virtually admits that in order to reverse our opinion it will be necessary for this court to hold unconstitutional article 1123 of Revised Statutes as amended in 1921.

After giving careful consideration to all propositions raised in appellee's motion for new trial and all cases cited therein, we conclude that we were correct in our original opinion, and therefore motion for rehearing is overruled.