# SCHWEER *v.* BROWN.

APPEAL FROM THE DISTRICT COURT OF THE UNITED STATES FOR
THE EASTERN DISTRICT OF ARKANSAS.

No. 162.   Submitted October 31, 1904.—Decided November 7, 1904.

Where the question is whether a District Court sitting in bankruptcy could
proceed in a summary way in the particular instance, the jurisdiction of
the United States court as such is not in question and section 5 of the
judiciary act of March 3, 1891, has no application.

*Mueller* v. *Nugent,* 184 U. S. 1; *Louisville Trust Company* v. *Comingor,* 184
U. S. 18, approved on the point that the bankruptcy court has juris-
diction to determine in the first instance whether a summary proceeding
can be maintained.   If it errs in so proceeding the remedy is under sec-
tion 24*b* of the bankruptcy law.

The facts are stated in the opinion.

*Mr. Daniel W. Jones* for appellants.

*Mr. Robert E. Wiley* for appellee.

THE CHIEF JUSTICE: This was a summary proceeding in the
District Court of the United States for the Eastern District
of Arkansas, in bankruptcy, requiring the payment to the
trustee in bankruptcy of the sum of two thousand dollars as
part of the assets of the bankrupt's estate.   In return to a
rule, one of the respondents alleged that he had paid the money
over to the other and denied the jurisdiction of the court.
The other, Mrs. Schweer, denied that she had or ever had had
any money belonging or due to the estate, and denied juris-
diction.   The matter was heard before a referee, who made
findings of fact and conclusions of law, and ordered the return
of the money.   It was then carried to the District Court and
there heard *de novo.*   The District Court sustained the referee
and entered decree for the payment of the money to the trustee.
Thereupon an appeal was taken directly to this court on the

ground that the case fell within the first of the classes of cases enumerated in section five of the judiciary act of March 3, 1891. . But that class only includes cases where the question is as to the jurisdiction of courts of the United States as such, and the question has to be certified. That was not the question raised here, and none such was certified. And it is settled that the District Court, had jurisdiction to determine whether any adverse claim to the money was asserted at the time the petition was filed. *Mueller* v. *Nugent,* 184 U. S. 1; *Louisville Trust Company* v. *Comingor,* 184 U. S. 18.

If the court erred in retaining jurisdiction on the merits, the remedy was by petition to the Circuit Court of Appeals under § 24*b* of the bankruptcy law. *Holden* v. *Stratton,* 191 U. S. 115.

*Appeal dismissed.*