### In re MADDOX.

### Petition of VIVETT.

(District Court, W. D. Kentucky. November, 1921.)

1. Bankruptcy ⊜288(2)—Process in execution of judgment obtained more than four months before bankruptcy cannot be attacked in summary proceeding.

   Under Bankruptcy Act, § 67c (Comp. St. § 9651[c]), providing that a lien obtained in or pursuant to any suit or proceeding begun within four months shall be dissolved by the adjudication, where an action was begun and judgment entered more than four months before the filing of the petition, the final process for the enforcement of the judgment by a sale of property seized under execution cannot be interfered with or annulled by a summary proceeding, but only by a plenary action.

2. Bankruptcy ⊜288(2)—Right to attack process on judgment governed by law in force four months before filing of petition.

   The right of the trustee in a summary proceeding to attack an execution sale under a judgment in an action commenced more than four months before the filing of the petition in bankruptcy depends on the law as it existed previous to a date four months prior to the filing of the petition.

In Bankruptcy. In the matter of F. M. Maddox, bankrupt. On petition by Cage Vivett for review of an order of the referee requiring him to account for the proceeds of property sold on execution. Order reversed, with directions to dismiss petition.

⊜For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Crossland & Crossland, of Paducah, Ky., for bankrupt.
Arthur Y. Martin, of Paducah, Ky., for trustee.
E. T. Bullock, of Clinton, Ky., for Cage Vivett.

WALTER EVANS, District Judge. This case comes before us upon a petition filed by Cage Vivett on October 3, 1921, for a review by the court of an order of the referee entered September 26, 1921, directing and requiring said Vivett "to account to and forthwith pay over to" the trustee of the bankrupt "the sum of $818.25 as the property of the said bankrupt."

The facts are not complicated and are found to be that on the 13th day of October, 1920, a judgment was entered by the Mississippi county circuit court in the state of Missouri in an action then pending in said court, wherein said Vivett was plaintiff and F. M. Maddox was defendant, the latter being now the bankrupt and the suit being to recover from him the sum of $1,078 besides interest and costs. On March 8, 1921, an execution was issued on the judgment, and on March 16, 1921, was levied on certain personal property belonging to and in the possession of said Maddox. Under execution and levy, and after due advertisement thereof, a sale of the property was made by the sheriff of that county on April 1, 1921, and Vivett became the purchaser thereof for the net sum of $818.25. Meantime on March 30, 1921, F. M. Maddox filed the petition in this proceeding to be, and accordingly on that day he was adjudicated a bankrupt by this court. Of that fact, however, neither the sheriff nor Vivett had any knowledge until a few days after the sale.

On June 16, 1921, the trustee of the bankrupt filed before the referee a petition for an order directing Vivett, the purchaser of the property sold under the execution issued on his judgment, to deliver to said trustee the property so purchased at that sale. On August 18, 1921, the referee entered an order requiring Vivett to show cause why the petition should not be granted. On August 30, 1921, he entered a qualified appearance and filed objections to the relief sought by the trustee upon the ground that the referee had not jurisdiction of the subject, and moved to dismiss the trustee's petition, urging that the referee was without jurisdiction or power to act in such a situation by a summary proceeding, and that the trustee's claim to relief should be asserted in a plenary action brought in a court of adequate jurisdiction, and not before the referee. This motion was not sustained, and Vivett filed his response to the trustee's petition as the latter had been amended on September 16, 1921.

Upon final hearing the referee made the order now sought to be reviewed, and which directed and required the return to the trustee, not of the property itself, but of the money for which it had been sold. To this phase of the referee's action neither party appears to have made any objection. Upon the facts as thus presented the inquiry is not, primarily, what the rights of the trustee in the property may be, but whether the summary proceeding brought by him is sustainable.

[1, 2] The exact question to be determined, therefore, is whether, upon those facts, a summary proceeding was admissible or whether a

plenary action was necessary. Section 67c of the Bankruptcy Act (Comp. St. § 9651) provides that—

"A lien created by or obtained in or pursuant to any suit or proceeding at law or in equity, including an attachment upon mesne process or a judgment by confession, which was begun against a person within four months before the filing of a petition in bankruptcy by or against such person shall be dissolved by the adjudication of such person to be a bankrupt."

This statute appears to be relied upon in support of the summary proceeding, but it is obvious from a reading of it that its provisions were meant to apply only where the "suit" was "begun within four months before the filing of the petition in bankruptcy." Here the suit of Vivett against Maddox was begun previous to October 1, 1920, which of course was much more than four months before the petition in bankruptcy was filed on March 30, 1921. In this situation the provisions of section 67 of the act are not available in support of the trustee's contention. Any support it may have must be based upon the law as it existed previous to November 30, 1920, that date being the beginning of the four months' period preceding the filing of the petition in bankruptcy. Meantime, as we have seen, the final process of the Missouri state court for enforcing its judgment of October 13, 1920, had been issued on March 8, 1921, had been placed in the hands of the sheriff for execution, and had been levied on property for that purpose. Hence the question, can a summary proceeding be resorted to, to prevent Vivett from enforcing the lawfully rendered judgment of the state court by and through the lawful process of an execution duly issued and levied before the filing of the petition in bankruptcy?

We have reached the conclusion that as Vivett's action was begun in the state court more than four months before the filing of the petition in bankruptcy, and as judgment was promptly entered in that action for the amount of the plaintiff's debt also more than four months before the proceeding in bankruptcy was commenced, the final process of that court for the enforcement of that judgment by a sale of the property seized under the execution should not be interfered with nor annulled by a summary proceeding in this case. We think any other ruling would be obviously opposed to the whole current of decisions which determine the grounds upon which a summary proceeding as distinguished from a plenary action must be based. To sustain a summary proceeding in this instance might nullify and make ineffective the judgment of the state court and the process by which it might lawfully enforce that judgment, and in view of the facts stated we hold that nothing short of a plenary proceeding can properly be held sufficient when making an attack upon the validity of proceedings under the state court's final process in this instance. Courtney v. Shea (C. C. A. 6th Cir.) 225 Fed. 361, 140 C. C. A. 382, 34 Am. Bankr. Rep. 753; Shea v. Lewis (C. C. A. 8th Cir.) 206 Fed. 877, 124 C. C. A. 537, 30 Am. Bankr. Rep. 436; Board of Education v. Leary (C. C. A. 8th Cir.) 236 Fed. 521, 149 C. C. A. 573, 38 Am. Bankr. Rep. 289; York Mfg. Co. v. Cassell, 201 U. S. 344, 352, 26 Sup. Ct. 481, 50 L. Ed. 782, 15 Am. Bankr. Rep. 633; In re Shea (D. C. Ky.) 211 Fed. 365, 366, 369, 31 Am. Bankr. Rep. 697; In re Howe Manufacturing Co. (D. C. Ky.)

193 Fed. 524, 527, 528, 27 Am. Bankr. Rep. 477, 478; In re Mimms & Parham (D. C. Ky.) 193 Fed. 276, 27 Am. Bankr. Rep. 469; In re Bacon (C. C. A. 2d Cir.) 210 Fed. 129, 126 C. C. A. 643, 31 Am. Bankr. Rep. 777; and Collier on Bankruptcy (12th Ed.), in comments on sections 23b, 60, 67, and 70 of the Bankruptcy Act (Comp. St. §§ 9607, 9644, 9651, 9654).

Accordingly the order of the referee entered September 26, 1921, and sought to be reviewed by the court upon said Vivett's petition therefor, should be and it is reversed, and the referee is directed to dismiss the petition of H. H. Martin, trustee, filed June 16, 1921, as amended, but without prejudice to the right of the trustee to institute in any court having jurisdiction any proper action based upon the facts developed in this proceeding or otherwise pertinent thereto.