## In re WHITE SATIN MILLS, Inc.

District Court, D. Minnesota, Fourth Division.
April 10, 1928.

No. 6968.

Bankruptcy ⊜⟶288(6)—Where adverse claimant's right depends on conflicting evidence, it is substantial and not merely colorable, and cannot be determined, in summary proceeding.

Where the validity of the claim of one in possession to property claimed by bankrupt's trustee depends on disputed facts, as to which there is a conflict of evidence, such claim is substantial and not merely colorable, and a referee is without jurisdiction to determine it in a summary proceeding over claimant's objection, though objection was not made until the evidence had been taken.

In Bankruptcy. In the matter of the White Satin Mills, Inc., bankrupt. On review of an order of the referee. Reversed.

Trafford N. Jayne, of Minneapolis, Minn., for petitioner.

Glen S. Stiles and John C. Benson, both of Minneapolis, Minn., for trustee.

JOHN B. SANBORN, District Judge. This matter came on to be heard at special term at Minneapolis on the 10th day of December, 1927, upon a petition to review an order of Hon. Alexander McCune, referee in bankruptcy, dated August 2, 1927, directing J. H. Woodward, the petitioner, to pay to the trustee $1,600.00.

On the application of the trustee, the referee, on May 12, 1927, issued an order requiring John H. Woodward, the petitioner to show cause why he should not be required to turn over to the trustee $1,600.00. In response to this order, a hearing was had before the referee on the 17th day of May, 1927.

Upon the evidence adduced at the hearing, the referee found, in effect, that the bankrupt corporation was the creature of the petitioner, who was its president and who at all times had complete control of it; that, within four months prior to bankruptcy, and one day before a general assignment for the benefit of its creditors was made, Mr. Woodward, with knowledge of its insolvency, took $1,600.00 in cash out of its treasury; that he did this to prevent the money going to the creditors of the bankrupt, and so that he might have the money for working capital; that he was actually overdrawn $628.49 at the time he took this money. The referee also found that the corporation, at that time, had received in rents, from premises leased by Mr. Woodward personally, $813.08, and was indebted to him in that amount. The referee concluded that Mr. Woodward appropriated $1,600.00 of the corporation's money for his own benefit and in fraud of the corporation's creditors.

Mr. Woodward, on his part, claimed that the corporation owed him the money and that he was an adverse claimant so far as the $1,600.00 was concerned.

No objection to the referee's hearing the matter was made until after the testimony was closed, but was made, as I understand, prior to the referee's order.

The question presented is whether the referee had the authority to make the order in question in this summary proceeding.

"It is well settled that a court of bankruptcy is without jurisdiction to adjudicate in a summary proceeding a controversy in reference to property held adversely to the bankrupt estate, without the consent of the adverse claimant; but resort must be had by the trustee to a plenary suit. Mueller v. Nugent, 184 U. S. 1, 15 [22 S. Ct. 269, 46 L. Ed. 405]; Louisville Trust Co. v. Comingor, 184 U. S. 18, 24 [22 S. Ct. 293, 46 L. Ed. 413]; Jaquith v. Rowley, 188 U. S. 620, 623 [23 S. Ct. 369, 47 L. Ed. 620]; Schweer v. Brown, 195 U. S. 171, 172 [25 S. Ct. 15, 49 L. Ed. 144]; Galbraith v. Vallely, 256 U. S. 46, 48 [41 S. Ct. 415, 65 L. Ed. 823]; Taubel Co. v. Fox, 264 U. S. 426, 433 [44 S. Ct. 396, 68 L. Ed. 770]; May v. Henderson, 268 U. S. 111, 115 [45 S. Ct. 456, 69 L. Ed. 870]; Board of Education v. Leary (C. C. A.) 236 F. 521, 524; Lynch v. Roberson (C. C. A.) 287 F. 433, 435, 437. However, the court is not ousted of its jurisdiction by the mere assertion of an adverse claim; but, having the power in the first instance to determine whether it has jurisdiction to proceed, the court may enter upon a preliminary inquiry to determine whether the adverse claim is real and substantial or merely colorable. And if found to be merely colorable the court may then proceed to adjudicate the merits summarily; but if found to be real and substantial it must decline to determine the merits and dismiss the summary proceeding. Mueller v. Nugent, supra, 15 [22 S. Ct. 269]; Louisville Trust Co. v. Comingor, supra, 25 [22 S. Ct. 293]; Taubel Co. v. Fox, supra, 433 [44 S. Ct. 396]; May v. Henderson, supra, 16 [116 (45 S. Ct. 456)]; Board of Education v. Leary, supra, 525; Lynch v. Roberson, supra, 436." Harrison v. Chamberlin, 271 U. S. 191, 193, 46 S. Ct. 467, 468 (70 L. Ed. 897).

Therefore in this case, if the referee was justified in reaching the conclusion that the claim of the petitioner was merely colorable, he had jurisdiction to make the order which he did. If, on the other hand, he was not justified in that conclusion, then he was without authority to make it. The fact that no objection was made to the jurisdiction of the referee to determine the issue in a summary proceeding, until after the testimony was heard, is probably not sufficient to justify a conclusion that the petitioner consented to the making of the order, in view of the fact that he did, before it was made, object. The petitioner might well have assumed that the hearing before the referee was for the purpose of determining the question as to whether his adverse claim was merely colorable or whether it was real and substantial, and the

referee, of course, had jurisdiction to determine that preliminary question.

Was the claim of Mr. Woodward merely colorable?

" * * * An actual claim may be adverse and substantial even though in fact 'fraudulent and voidable.' * * * And, on the other hand, a claim is merely colorable if 'on its face made in bad faith and without any legal justification.' May v. Henderson, supra, 109 [45 S. Ct. 456]. * * *

"It is to be deemed of a substantial character when the claimant's contention 'discloses a contested matter of right, involving some fair doubt and reasonable room for controversy,' Board of Education v. Leary, supra, 527, in matters either of fact or law; and is not to be held merely colorable unless the preliminary inquiry shows that it is so unsubstantial and obviously insufficient, either in fact or law, as to be plainly without color of merit, and a mere pretense." Harrison v. Chamberlin, supra, 194, 195 (46 S. Ct. 469).

" * * * A claim alleged to be adverse is only colorably so when, admitting the facts to be as alleged by the claimant, there is, as matter of law, no adverseness in the claim." In re Western Rope & Mfg. Co. (C. C. A.) 298 F. 926, 927.

Mr. Woodward's claim is based upon the proposition that, at the time he took the $1,600.00, his corporation was indebted to him in a sum larger than that amount. The record appears to indicate that the books at that time, taking into consideration the $1,600.00, would have shown him overdrawn only to a small amount; and it is further claimed that the corporation had received rents which belonged to Mr. Woodward personally, to the extent of some $1,100.00. After the trustee for the creditors took charge of the corporation, certain amounts were charged against Mr. Woodward, which resulted in there being a very considerable credit balance in favor of the corporation.

I have very reluctantly come to the conclusion that the situation presented is, in principle, similar to that involved in the case of Harrison v. Chamberlin, supra, in which the court said:

"In the present case it clearly appears that the validity of the respondent's claim depended upon disputed facts, as to which there was a conflict of evidence, as well as a controversy in matter of law. Its determination involved 'fair doubt and reasonable room for controversy' both as to fact and law. It was therefore substantial, and not merely colorable; and its merits could only be adjudged in a plenary suit."

The referee's findings and conclusions are, I think, justified by the evidence, but, the claim of Mr. Woodward being something more than merely colorable, the referee did not have authority to make the order in question. For that reason, it is reversed, without prejudice to the right of the trustee to sue in a plenary action for the recovery of the $1,600.00.