666

**In re SOUTHERN METAL PRODUCTS CORPORATION.**

**No. 6049.**

District Court, N. D. Alabama, N. D.

Feb. 4, 1939.

Douglass Taylor, of Huntsville, Ala., for receiver.

Griffin & Ford and George P. Cooper, all of Huntsville, Ala., for trustee.

MURPHREE, District Judge.

On the 22nd day of July, 1938, the Southern Metal Products Corporation filed a petition in voluntary bankruptcy in the District Court of the United States for the Northern District of Alabama, Northeastern Division, and was thereupon duly adjudicated a bankrupt. It appears that prior to the time of the filing of the petition and of said adjudication, the bankrupt on the 3rd day of March, 1938, executed a mortgage on all of its property to the Scottish American Company, which mortgage was on that day duly recorded in the Pro-

bate Office of Madison County. At the time of the execution of said mortgage the Southern Metal Products Corporation was insolvent, and was at that time indebted to the mortgagee in the sum of $48,471.91, which is recited in the mortgage as being due February 1st, 1938. Thereafter, on the 5th day of July, 1938, the said Scottish American Company, a corporation, filed a bill in Equity in the Circuit Court of Madison County for the foreclosure of its mortgage, and in aid thereof, sought and secured the appointment of a receiver who qualified on July 19th, 1938, and took over the active management and possession of all of the property of the bankrupt. Thereafter, said bankruptcy petition was filed and the trustee in Bankruptcy was appointed and qualified on the 11th day of August, 1938. On the 24th day of August, 1938, the trustee filed a petition before the Referee praying the Court for a summary order against the receiver in the State Court proceedings to show cause why he should not surrender the said mortgaged property of the bankrupt to the trustee. An order to that effect was issued by the Referee on August 30th, 1938, and on that day an answer was filed, by the receiver under appointment of the State Court, setting up prior jurisdiction of the State Court and the bona fide adverse claim of the state court receiver. Thereafter, and on the 23rd day of September, 1938, the Referee granted the prayer of the petition of the Trustee and ordered the immediate turn over and surrender of the property in the possession of the receiver.

Within five days, under rule 17 of Rules of Practice in Bankruptcy, in this Court, (General Orders in Bankruptcy), 11 U.S.C.A. following section 53, and within ten days under the Chandler Act, 11 U.S.C.A. § 75, after the order was entered, the receiver under appointment of the State Court filed a petition for review in his individual capacity. This petition was later sought to be amended by separate paper filed on the 11th day of October, 1938, more than ten days from the date of the Referee's order of September 23rd, 1938. Pretermitting the question as to whether a proper review is presented, which may be well considered a serious one, we will pass on to consider the review on the merits.

From the statement of the facts appearing in the briefs of the parties concerned in the review, and the findings of fact made by the Referee, there is ample basis for the conclusion of the Referee that the mortgage executed by the bankrupt on the 3rd day of March, 1938, was executed during insolvency of the mortgagor, the bankrupt, conveyed all of the property of the bankrupt, and was executed "with intent to hinder, delay or defraud" the other creditors of the bankrupt.

The attorneys for the State Receiver argue, that four months having expired between the execution and recordation of the mortgage and the bankruptcy proceeding, that the Referee has no jurisdiction or power to set aside a mortgage under the provisions of the Bankruptcy Act. The order of turn over by the Referee in this case was signed on the 23rd day of September, 1938, after the Chandler Act became effective. Section 67d of the Chandler Act, 11 U.S.C.A. § 107(d), presents a full and complete remedy for the avoiding and setting aside of transfers or conveyances defined as fraudulent under the Act, executed by the debtor within one year of its bankruptcy. This provision of the Chandler Act is modeled on the Uniform Fraudulent Conveyance Act and is ample authority to sustain the right of the trustee in bankruptcy to avoid the mortgage, the basis of the State Court Receivership, on the facts found by the Referee.

The mortgage was executed long prior to the enactment of the Chandler Act. However, the application of the quoted provision of the Chandler Act involves merely a matter of procedure, and under Chapter 14, Section 6, Subdivision (b), 11 U.S.C.A. § 1 note, the quoted provision of the Chandler Act could well be construed as applicable to procedure begun prior thereto.

However, Section 70e of the Bankruptcy Act of 1898, as amended, 11 U.S.C.A. § 110(e), reads as follows: "The trustee may avoid any transfer by the bankrupt of his property which any creditor of such bankrupt might have avoided, and may recover the property so transferred, or its value, from the person to whom it was transferred, unless he was a bona fide holder for value prior to the date of the adjudication. Such property may be recovered or its value collected from whoever may have received it, except a bona fide holder for value. For the purpose of such recovery any court of bankruptcy as hereinbefore defined [in this title], and any State court which would have had juris-

diction if bankruptcy had not intervened, shall have concurrent jurisdiction."

■ It may be seen upon a reading of the above quoted provision that Section 8038 of the Code of Alabama was applicable and available to the trustee in his effort to avoid the mortgage.

The Supreme Court of Alabama construed the two sections as follows: "We may say further of transfers that are fraudulent under state statutes that such transfers may be avoided by the trustee, by authority of subdivision (e), § 70, of the Bankruptcy Act [11 U.S.C.A. § 110(e)], when a creditor could have avoided the same under the statute. Barrett v. Kaigler, supra [200 Ala. 404, 76 So. 320]; McMahon v. Pithan, 166 Iowa, 498, 147 N. W. 920, 33 A.B.R. 125; Manning v. Evans (D.C.) 156 F. 106. The trustee is subrogated to the rights of the creditor and may avoid conveyances which a creditor may have avoided, although such conveyance was executed and delivered beyond the four months' period immediately preceding the adjudication of bankruptcy. In re Mullen (D.C.) 101 F. 413; Manders v. Wilson (D. C.) 230 F. 536; Cartwright v. West, 173 Ala. 198, 202, 55 So. 917; Sherrill v. Hutson, 187 Ala. 189, 65 So. 538; McCrory v. Donald, supra [192 Ala. 312, 68 So. 306]." Neuberger v. Felis, 203 Ala. 142, 82 So. 172, 174.

The Supreme Court of the United States construed a similar Ohio statute in the following words:

"Section 70e of the Bankruptcy Act [11 U.S.C.A. § 110(e)] gives the trustee in bankruptcy a right to recover property transferred in violation of state law, without reference to the four months' limitation; if a creditor could have avoided the transfer under the state law, the trustee may do the same."

"The federal system of bankruptcy is designed not only to distribute the property of the debtor, not by law exempted, fairly and equally among his creditors, but as a main purpose of the act, intends to aid the unfortunate debtor by giving him a fresh start in life, free from debts, except of a certain character, after the property which he owned at the time of bankruptcy has been administered for the benefit of creditors. Our decisions lay great stress upon this feature of the law—as one not only of private but of great public interest in that it secures to the unfortunate debtor, who

surrenders his property for distribution, a new opportunity in life. Neal v. Clark, 95 U.S. 704, 709, 24 L.Ed. 586; Traer v. Clews, 115 U.S. 528, 541, 6 S.Ct. 155, 29 L.Ed. 467; Hanover National Bank v. Moyses, 186 U. S. 181, 192, 22 S.Ct. 857, 46 L.Ed. 1113; Wetmore v. Markoe, 196 U.S. 68, 77, 25 S. Ct. 172, 49 L.Ed. 390, 2 Ann.Cas. 265; Burlingham v. Crouse, 228 U.S. 459, 473, 33 S. Ct. 564, 57 L.Ed. 920, 46 L.R.A.(N.S.) 148.

"This feature of a bankruptcy law is wholly wanting in the Ohio statutes under consideration. Indeed, there is not now, any more than when Mayer v. Hellman, supra [91 U.S. 496, 23 L.Ed. 377], was decided, any attempt in the Ohio laws to provide for the discharge of the debtor from his existing debts.

"If the Ohio statutes in the feature now under consideration be suspended, it would follow that a person in Ohio might successfully claim a part of the estate which is being administered in bankruptcy, although the conveyance under which the property is claimed is voidable under the laws of the state where it was made and the alleged right in the property secured. We think that Congress in the Bankruptcy Act did not intend any such result, but meant to permit the trustee in bankruptcy to have the benefit of state laws of this character which do not conflict with the aims and purposes of the federal law. And certainly, in view of the provisions of section 70e of the Bankruptcy Act, Congress did not intend to permit a conveyance such as is here involved to stand which creditors might attack and avoid under the state law for the benefit of general creditors of the estate." Stellwagen v. Clum, 245 U.S. 605, 38 S.Ct. 215, 218, 62 L.Ed. 507.

From the reasonings set out above, it may well be concluded that the mortgage under consideration was subject to attack by the trustee in bankruptcy for the benefit of the other creditors in bankruptcy. The State Court, a short time prior to bankruptcy, had appointed its own receiver and had through the receiver taken possession and jurisdiction over the property of the mortgagor, who was later to become the bankrupt. The State receiver denies the right of the Bankruptcy Court in a summary proceeding to try his right to the property in his possession, and he cites numerous decisions to sustain his views. It appears that the State Court receiver properly raised the question of jurisdiction in his answer to the order to show cause and

sufficiently objected to the summary proceedings before the Referee.

It is therefore proper to consider whether the Referee had jurisdiction over the bankrupt's property, at that time in the possession of a receiver under appointment of the State Court, such as to order the State Receiver to show cause before the Referee why he should not surrender the property to the trustee in Bankruptcy or whether his authority was not limited to directing the trustee in Bankruptcy to proceed in a plenary suit in a Court of competent jurisdiction. This presents a very interesting question.

The trustee cites the following cases: Robertson v. Howard, 229 U.S. 254, 33 S. Ct. 854, 57 L.Ed. 1174; Isaacs v. Hobbs Co., 282 U.S. 734, 51 S.Ct. 270, 75 L.Ed. 645; Gross v. Irving Trust Co., 289 U.S. 342, 53 S.Ct. 605, 77 L.Ed. 1243, 90 A.L.R. 1215; Taylor v. Sternberg, 293 U.S. 470, 55 S.Ct. 260, 79 L.Ed. 599.

An examination of these cases reveals that they involve and apply to state insolvency proceedings, that is, proceedings in the State Court, whose purposes were similar or comparable to Bankruptcy proceedings. Unquestionably, as pointed out in these decisions, bankruptcy under the Federal authority is "paramount and supervenes".

"The appellees, however, insist that the purpose and function of the creditors' bill was a general disposition and distribution of the debtor's property; that it was a winding up proceeding pursuant to state law, and was therefore superseded by the bankruptcy. They invoke the settled rule that state insolvency laws which are tantamount to bankruptcy because they provide for an administration of the debtor's assets and a winding up of his affairs similar to that provided by the national act are suspended while the latter remains in force, and proceedings under them are utterly null and void whether commenced within four months of the filing of a petition in bankruptcy or before. Sturges v. Crowninshield, 4 Wheat. 122, 4 L.Ed. 529; Mayer v. Hellman, 91 U.S. 496, 23 L.Ed. 377; Hanover Nat. Bank v. Moyses, 186 U.S. 181, 22 S.Ct. 857, 46 L.Ed. 1113; Miller v. New Orleans Fertilizer Co., 211 U.S. 496, 29 S.Ct. 176, 53 L.Ed. 300; Stellwagen v. Clum, 245 U.S. 605, 38 S.Ct. 215, 62 L.Ed. 507; International Shoe Co. v. Pinkus, 278 U.S. 261, 49 S.Ct. 108, 73 L.Ed. 318.

"It was pointed out in Stellwagen v. Clum, supra, that state laws which provide for sale and distribution of a debtor's property may not amount to insolvency laws; and it was there held that such laws, if not inconsistent with the administration of the bankruptcy act, are available to litigants. Appellees must therefore show that the statutory action in the state court is, in fact, an insolvency proceeding. The certificate states no facts which lead to such a conclusion, nor does it so denominate the creditors' suit. Reference to the statutes of West Virginia, of which we take judicial notice, demonstrates that it is not in that category." Streton v. New, 283 U.S. 318, 327, 51 S.Ct. 465, 469, 75 L.Ed. 1060.

Isaacs v. Hobbs Co., 282 U.S. 734, 51 S.Ct. 270, 75 L.Ed. 645, holds that: "The trustee did not, and could not, waive the lack of jurisdiction in the state court by removing the case; because he was powerless to surrender the exclusive jurisdiction of the court of bankruptcy."

It may be well to note here that a receiver is the officer of the Court which appoints him and the property in his hands is not, in a legal sense, in his possession, but in the possession of the Court. Taylor v. Sternberg, 293 U.S. 470, 55 S.Ct. 260, 79 L.Ed. 599.

The inquiry here involves the rights of an adverse claimant, or one who sets himself up as an adverse claimant, conceding that the purpose of the State Court proceedings was to foreclose a mortgage solely for the benefit of the mortgagee-complainant.

The State Court Receiver makes no claim in his own right. He is, as Receiver, a mere creature of the State Court and the character of his claim partakes of the nature of the State Court proceedings. Therefore, the claim he makes is no more adverse than the proceedings in which he is a part.

An examination and study of the authorities tend to support the jurisdiction and power of the Bankruptcy Court to inquire into the claim for the purpose of ascertaining whether the summary proceeding is an appropriate one and to that end to determine whether an asserted adverse claim is in fact real or merely colorable.

"It is well settled that property or money held adversely to the bankrupt can only be recovered in a plenary suit and not by

a summary proceeding in a bankruptcy court. Louisville Trust Co. v. Comingor, 184 U.S. 18, 22 S.Ct. 293, 46 L.Ed. 413; First National Bank of Chicago v. Chicago Title & Trust Co., 198 U.S. 280, 25 S. Ct. 693, 49 L.Ed. 1051; Galbraith v. Vallely, 256 U.S. 46, 41 S.Ct. 415, 65 L.Ed. 823. But property held or acquired by others for account of the bankrupt is subject to a summary order of the court which may direct an accounting and a payment over to the trustee or receiver appointed by the bankruptcy court. White v. Schloerb, 178 U.S. 542, 20 S.Ct. 1007, 44 L.Ed. 1183; Mueller v. Nugent, 184 U.S. 1, 22 S.Ct. 269, 46 L.Ed. 405; Babbitt v. Dutcher, 216 U.S. 102, 30 S.Ct. 372, 54 L.Ed. 402, 17 Ann. Cas. 969; Chicago Board of Trade v. Johnson, 264 U.S. 1, 44 S.Ct. 232, 68 L.Ed. 533. Such is the rule with respect to assignees for the benefit of creditors within four months of filing of the petition. In re Stewart [6 Cir.], 179 F. 222; In re Rathman [8 Cir.], 183 F. 913; In re Neuburger, Inc. [2 Cir.], 240 F. 947; In re Diamond's Estate [6 Cir.], 259 F. 70, 74, and see Bryan v. Bernheimer, 181 U.S. 188, 21 S.Ct. 557, 45 L.Ed. 814. See Louisville Trust Co. v. Comingor and Galbraith v. Vallely, supra, where, however, the jurisdiction was defeated by the adverse claim of the assignee arising before the filing of the petition. And see Randolph v. Scruggs, 190 U.S. 533, 23 S.Ct. 710, 47 L.Ed. 1165, as to the nature of the title of the assignee for the benefit of creditors when bankruptcy ensues. See, also, Taubel-Scott-Kitzmiller Co. v. Fox, 264 U.S. 426, 433 and note, 44 S.Ct. 396, 68 L.Ed. 770. Courts of bankruptcy do not permit themselves to be ousted of jurisdiction by the mere assertion of an adverse claim. The court has jurisdiction to inquire into the claim for the purpose of ascertaining whether the summary remedy is an appropriate one within the principles of decision here stated. Mueller v. Nugent, supra; Schweer v. Brown [8 Cir.], 130 F. 328; Id., 195 U.S. 171, 25 S.Ct. 15, 49 L.Ed. 144; Hebert v. Crawford, 228 U.S. 204, 33 S.Ct. 484, 57 L.Ed. 800; In re Ellis Bros. Printing Co. (D.C.) 156 F. 430. *It may disregard the assertion that the claim is adverse, if on the undisputed facts it appears to be merely colorable.* In re Weinger, Bergman & Co. (D.C.) 126 F. 875; In re Rudnick & Co. (D.C.) 158 F. 223; In re Ransford, 194 F. 658 [6 Cir.], In re Michaelis & Lindeman (D.C.) 196 F. 718. * * *

"The findings of the referee and the evidence leave no doubt that the surrender or abandonment of their bank account to the bank by the assignees and its attempted application by the bank to the payment of its note was collusive and without any substantial basis of legal right. At most it was a clumsy, ineffectual, and fraudulent effort to divert the funds of the bankrupt to the payment of a favored creditor. While it is now settled that the claim of an assignee for the benefit of creditors, of the right to charge in his account expenses incurred or expenditures made prior to the filing of the petition in bankruptcy, is an adverse claim which cannot be adjudicated in a summary proceeding (Louisville Trust Co. v. Comingor, 184 U.S. 18, 22 S. Ct. 293, 46 L.Ed. 413; Galbraith v. Vallely, 256 U.S. 46, 41 S.Ct. 415, 65 L.Ed. 823), we think the rule cannot be extended to a case such as this where the claim is merely colorable and on its face made in bad faith and without any legal justification." May v. Henderson, 268 U.S. 111, 45 S.Ct. 456, 458, 69 L.Ed. 870, 5 A.B.R., N.S., 739, Apr. 13, 1925.

"It is well settled that a court of bankruptcy is without jurisdiction to adjudicate in a summary proceeding a controversy in reference to property held adversely to the bankrupt estate, without the consent of the adverse claimant; but resort must be had by the trustee to a plenary suit. Mueller v. Nugent, 184 U.S. 1, 15, 22 S.Ct. 269, 46 L.Ed. 405; Louisville Trust Co. v. Comingor, 184 U.S. 18, 24, 22 S.Ct. 293, 46 L. Ed. 413; Jaquith v. Rowley, 188 U.S. 620, 623, 23 S.Ct. 369, 47 L.Ed. 620; Schweer v. Brown, 195 U.S. 171, 172, 25 S.Ct. 15, 49 L.Ed. 144; Galbraith v. Vallely, 256 U. S. 46, 48, 41 S.Ct. 415, 65 L.Ed. 823; Taubel-Scott-Kitzmiller Co. v. Fox, 264 U.S. 426, 433, 44 S.Ct. 396, 68 L.Ed. 770; May v. Henderson, 268 U.S. 111, 115, 45 S.Ct. 456, 69 L.Ed. 870; Board of Education v. Leary (C.C.A.) 236 F. 521, 524; Lynch v. Roberson (C.C.A.) 287 F. 433, 435, 437. However, the court is not ousted of its jurisdiction by the mere assertion of an adverse claim; but, having the power in the first instance to determine whether it has jurisdiction to proceed, the court may enter upon a preliminary inquiry to determine whether the adverse claim is real and substantial or merely colorable. And if found to be merely colorable the court may then proceed to adjudicate the merits summarily; but if found to be real and sub-

stantial it must decline to determine the merits and dismiss the summary proceeding. Mueller v. Nugent, supra, 15 (22 S. Ct. 269); Louisville Trust Co. v. Comingor, supra, 25 (22 S.Ct. 293); Tauble & Co. v. Fox, supra, 433 (44 S.Ct. 396); May v. Henderson, supra, 116 (45 S.Ct. 456); Board of Education v. Leary, supra, 525; Lynch v. Roberson, supra, 436.

"In the present case the holding of the District Court that the adverse claim was merely colorable was evidently based upon its conclusion, upon the entire evidence, that the claim was fraudulent; and was, in effect, an adjudication upon the merits. And, on the other hand, the holding of the Circuit Court of Appeals that the claim was of such a substantial character as to require its determination in a plenary suit, was based upon the view 'that a claim alleged to be adverse is only colorable so when, admitting the facts to be as alleged by the claimant, there is, as matter of law, no adverseness in the claim.' It is clear, however, that an actual claim may be adverse and substantial even though in fact 'fraudulent and voidable.' Mueller v. Nugent, supra, 15 (22 S.Ct. 269); Johnston v. Spencer (C.C.A.) 195 F. 215, 220; Board of Education v. Leary, supra, 525. And, on the other hand, a claim is merely colorable if 'on its face made in bad faith and without any legal justification.' May v. Henderson, supra, 109, 45 S.Ct. 456." Harrison v. Chamberlin, 271 U.S. 191, 46 S.Ct. 467, 468, 70 L.Ed. 897, 7 A.B.R.,N. S., 719, May 3, 1926.

■ The evidence taken before the Referee and submitted in this case with the review amply supports the conclusion of the Referee that the execution of the mortgage, the resort to the State Court proceedings, and the causing of the State Court receiver to be appointed, all constituted an attempt on the part of the Scottish American Company, a corporation, to secure an advantage over the other creditors of the bankrupt, and with intent to hinder, delay and defraud the other creditors. Upon the well established rule, the Referee having heard the facts, after proper notice and an opportunity to be heard, very properly found that the alleged adverse claim was not a substantial and real claim, but a mere subterfuge amounting to little better than fraud on the part of the claimant.

A careful consideration of the facts and circumstances surrounding the execution of the mortgage, the insolvency of the debtor, the resort to the state court, and the abortive attempt to accelerate the maturity of the mortgage, all lead to the logical conclusion that the "claim is merely colorable" or made in "bad faith and without any legal justification". May v. Henderson, supra. To deny to the Bankruptcy Court jurisdiction would be to thwart its very purpose.

In passing, it may be said that the decisions on this latter point offered in support of the state court receiver's contention, are readily distinguishable and in no way militate against what is said here.

■ Finally, the State Court receiver suggests that the doctrine of comity would require recognition of the rights in the State Court receiver and prevent the Referee from acting summarily. This contention is best answered by quoting from the very able opinion of Judge Evans of the United States Circuit Court of Appeals for the Seventh Circuit in the case of In re 188 West Randolph Street Building Corporation, 88 F.2d 257, which decisively disposed of this question:

" 'Nevertheless, due regard for comity —which means, in this connection, no more than judicial courtesy between the courts undertaking to deal with the same matter —would suggest that ordinarily the trustee in bankruptcy might well be instructed by the bankruptcy court, before taking final action, to request the state court to recognize the exclusive jurisdiction of the former and set aside any orders already made conflicting therewith, as was done with good results in the case of In re Diamond's Estate, supra (C.C.A.) 259 F. 70, 72, 75. In the present case, however, such a course would probably have been futile, in view of the fixed attitude of the state courts on the subject.' * * *

"It is for this reason that courts of bankruptcy should carefully consider the petitions of creditors (and debtors) before taking jurisdiction. After jurisdiction is acquired they cannot compromise matters of jurisdiction which are exclusively theirs. And while comity suggests that the courts of bankruptcy should, through the proper appointed agencies, usually the trustee, petition for turn over orders in the state court, such trustees or other court of bankruptcy representatives are under no statutory obligation so to do nor is their right to possession dependent upon an order from the court of equity (state or Federal).

672

The rule of comity here favored is one of courtesy which we believe will be promotive of good will and cooperation." In re 188 West Randolph Street Building Corporation, 7 Cir., 88 F.2d 257, 261, certiorari denied, 301 U.S. 685, 57 S.Ct. 785, 81 L.Ed. 1342.

The right to hear and determine the "bona fides" of the "adverse claim" is well recognized. The differences in the conclusions reached arise in the differences in the facts in each case and not in judicial interpretations of the law. Although there is some conflict of authorities, it is believed that so far as the facts in this case are concerned, the Referee had full authority and jurisdiction over the "res" constituting the bankrupt's estate, and this review should be decided adversely to the reviewant, C. H. Pulley, receiver appointed by the Circuit Court of Madison County in Equity.

It was determined in the case of In re Grocer's Baking Company, D.C., 266 F. 900, that Section 8040 of the Code of Alabama was not available to the trustee in Bankruptcy for the purpose of avoiding the mortgage. Said section 8040 does not have the effect of avoiding an instrument, but gives it effect so that it may "enure" to the benefit of all creditors alike. Section 8040 of the Code is not applicable to this proceeding.

In view of the conclusion reached, and hereinabove expressed, it is not deemed necessary to pass upon the petition for review of the Trustee.

An order in conformity with this opinion will be entered.